Daniei, Judge.
 

 The first objection made to the plaintiff’s recovery is, that the action is founded upon a parol promise or agreement to pay the debt of another.
 

 By the act of 1826, c. 10, it is declared that no person shall be charged upon a special promise to answer the debt, default or miscarriage of another person, unless the agreement is reduced to writing and signed by the promiser or his agent. But when the promise to pay the debt of another, arises out of some new and original consideration of benefit or harm, moving between the newly contracting parties, the case is not within the statute. (1
 
 Saund.
 
 211
 
 note
 
 (c,) 8
 
 Johns. Rep.
 
 39. This is a case of that
 
 description;
 
 the consideration
 
 to
 
 support the promise was the injury or harm the plaintiff sustained, by discharging his debtor at the request of the defendant, and upon the agreement that he would pay the debt.
 
 *262
 
 yf hen the plaintiff discharged
 
 Starns
 
 from prison, he was entirely freed from the debt, and the defendant became the debtor. The defendant did not derive any benefit from j.p¡s agreement, but the plaintiff sustained harm, by giving up those advantages with which
 
 the
 
 law had invested him, to coerce the debt from
 
 Starns.
 
 Here was a new and an original consideration, moving between the contracting parties at the time the agreement was entered into ; and the case is not within the meaning of the statute. This case is very different, from a collateral undertaking by the defendant, that
 
 Starns
 
 should pay the debt or he would, or that
 
 Starns
 
 should do any other act or thing; for then such collateral undertaking would be within the meaning of the legislature, when it declares that a special promise to answer the “debt, default or miscarriage,” of another must be in writing — We think tliis objection cannot prevent the plaintiff's-recovery.
 

 The second objection is, that the promise sounds in damages only, and was not within the jurisdiction of a justice of the peace. The debt due to the plaintiff from
 
 Starns,
 
 was ascertained by a judgment and the prison fees arc fixed by law ; therefore, the claim does not sound in damages. The mode of payment, (viz :
 
 “
 
 in trade,” which I conceive to mean valuable articles of trade,) is not an objection to the jurisdiction of a justice of Í he peace, if the value
 
 of the
 
 articlesin money, at the time they were to be delivered, would be a sum within bis jurisdiction. By the act of 1744, f c. IS,) a justice of the peace has jurisdiction of sums, under
 
 £20,
 
 for goods sold and delivered, for work and labor done, or for specific articles, although due by assumpsit, and the justice may give judgment for the value. We must take it for granted, in this case, as no objection lias been raised, on that ground, that the plaintiff has demanded the “ trade,” before he brought his warrant, and that the defendant did not pay or tender any articles of value in trade, to satisfy the demand. We think this case one that is within the jurisdiction of a justice of the peace, and therefore the judgment is affirmed.
 

 Pee Curiam — Judgment aeeirmed.