Nash, J.
 

 We do not consider the plaintiff’s case as coming within the operation of the statute of frauds. The 10th section of that act declares void all promises made to pay the debts of another, when the party to be bound does not enter into some writing or memorandum, signed by him or his agent. If, therefore, we believed, that the promise, made by the defendant, McLean, was to pay the debt of another without any new consideration for it, we should not hesitate to reverse the judgment given below. We do not so consider it, but look upon it as a new original contract growing out of the one made by Bencini. The action is not upon the note given by Bencini ; that was surrendered up to him upon the promise made by McLean to pay for the wagon, and he, Bencini, was consequently discharged from all liability on it. Without inquiring whether the defendants would not be liable under the first contract, as joint partners with Bencini in the purchases with him, our opinion is founded on the agreement, made by the parties to take the wagon and pay the plaintiffs for it. Bencini was a copartner with the defendant in the line of Stages, running between Raleigh and
 
 *15
 
 Salisbury, and purchased the wagon for the use of the firm. It was by them received and used, and, when the partnership was dissolved and Bencini left it, we gather from the case that the defendants were about to credit him with the value of the wagon. Upon being informed by him, that it was not paid for, but that the plaintiff had his note for it, they agreed to keep the wagon and to pay the plaintiff for it. The contract, on which the action is brought, is an original contract between the parties, upon a sufficient consideration in law, 1
 
 William’s Saunders
 
 211 note 2,
 
 Cooper
 
 v.
 
 Chambers, 4
 
 Dev. Rep. 261. The 2nd ground of defence cannot be maintained. The prom« ise of one partner to pay a debt due by the firm, binds all the partners. Adams was present, when the parties agreed to receive the wagon, as partnership property, and to pa}r the plaintiff for it.
 

 Per Curiam.
 

 Judgment affirmed.