Pearson, J.
 

 ¥e are not of opinion that the plaintiffs were not entitled to judgment, and that both of the objections taken by the defendant were fatal to the right of recovery. 'The promise sued on, was, in so many words, a promise to pay
 
 *331
 
 the debt of another, which was snperadded to the original debt, which remained in full force. It does not fall within the class of cases referred to in
 
 Draughan
 
 v.
 
 Bunting,
 
 9 Ired. Rep. 10, which was cited on the argument, where the original debt is released and the promise in question is substituted, as where a creditor discharges a debtor who is in custody, and thereby discharges the original cause of action for which the new promise is substituted, for the plaintiffs did not have the son of defendant
 
 in custody,
 
 but were “
 
 about to take out a bail
 
 warrant,” and the rule of law, that a voluntary discharge of the person of a debtor from custody is a discharge of the debt, does not apply. Notwithstanding the plaintiffs, at the instance of the defendant forbore to take out bail warrants, their debt against the son remained in full force, and the promise of the defendant was in addition thereto.
 

 On the other ground, the Court is also with the defendant. There were several distinct and independent debts due by the son. The defendant, however, made but
 
 one promise,
 
 and of course is liable to but one action had the promise been valid. So the case does not fall within the principle held in
 
 Waldo
 
 v.
 
 Jolly,
 
 4 Jones 114, which was cited.
 

 There is error.
 
 Venire de novo.
 

 Pee CueiaM. Judgment reversed.