JESSE COMBS *v.* JOSHUA HARSHAW.

A promise by a third person to answer for the debt of another, which other is not thereupon discharged from all liability—is within the Statute of Frauds, and must be in writing.

That there is a consideration for such promise, does not affect this rule.

(*Draughan* v. *Bunting* 9 Ire. 10; *Stanley* v. *Hendricks* 13 Ire. 86, cited and approved.)

CASE, tried before *Cannon, J.* at Fall Term 1868 of the Superior Court of CHEROKEE.

The facts were that in 1864, a son of the defendant, who was under age, and a soldier in the Confederate service, in company with other soldiers, met the plaintiff in the road, and forcibly took from him his horse. After the termination of the war, Harshaw, in consequence of this and other acts, left his father's house in Cherokee County. The plaintiff demanded payment for his horse from the defendant, who promised, that, if the former would allow his son to come home, he (the defendant) would refer the matter to some neighbors, who should say what ought to be done. Afterwards the defendant refused to refer, and the plaintiff brought this suit.

Under the charge of his Honor there was a verdict for the plaintiff. The defendant moved for a new trial, which was refused; and he appealed.

*Phillips & Merrimon,* for the appellant.

No counsel, *contra.*

SETTLE, J. (After stating the case as above.) Passing by the objection that the agreement to refer is too vague and uncertain to found an action upon, we will consider the point made on the trial below.

Does this promise come within the provisions of the statute of frauds ?

When there is an existing cause of action between two parties, and a third party merely adds his parol promise to the subsisting liability, without the original cause of action being discharged, his promise falls within the statute, and cannot be

enforced. *Draughan* v. *Bunting*, 9 Ire. 10, and *Stanley, et al.* v. *Hendricks*, 13 Ire. 86.

Here the plaintiff had a cause of action against young Harshaw, which, it is not pretended was released by the agreement to refer. The father, being in no way responsible, superadded his promise to the liability of his son.

His Honor held, that this being a new promise, and supported by a sufficient consideration, the plaintiff was entitled to recover.

Although a new promise on the part of the father, it was not substituted for the liability of the son, and did not release the son from his accountability to the plaintiff. It is said here, that there was a new consideration for the promise of the defendant. Admit that there was, and it does not help the plaintiff.

In the cases above cited, it is said that "it required no statute to make void a promise, not founded upon a consideration. It is only in cases where there is a consideration to support the promise, that the statute of frauds must be called into action."

PER CURIAM.                           *Venire de novo.*