## W. J. HAUN v. W. R. BURRELL.

*Statutes of Frauds—Pleading—Promise to Pay Debt of Another—Consideration.*

1. When the answer denies the alleged promise the Statute of Frauds can be relied on without being pleaded.

2. The consideration of a new promise to pay a debt may be proven by parol.

3. A new parol contract to pay the debt of another, superadded to the original cause of action which remains in force and is not substituted for it, is void.

4. A promise by a vendee that, if he purchase a certain tract of land, he will pay a note of the vendor to a third person, is void within the Statute of Frauds.

CIVIL ACTION, tried before *Bryan, J.*, at Spring Term 1896, of HENDERSON Superior Court, on appeal from a judgment of a justice of the peace.

The complaint was as follows:

" 1. That on _____ day of September, 1893, for value received, one J. R. Burrell executed to the plaintiff a promissory note, in words and figures as follows:

" $63.00.

" On or before the 25th day of December, A. D. 1894, I promise to pay William Haun sixty-three dollars without interest, value received. This _____ day of September, 1893.                    J. R. BURRELL."

" 2. That on or about 23d day of February, 1894, the obligor in the above-mentioned note sold and conveyed to the defendant, W. R. Burrell, the following described piece or parcel of land lying and being on Hooper's Creek, in the county of Henderson and State of North Carolina, adjoining the lands of J. D. Garren, Sarah Garren, *et al.* (Here follows description.)

" 3. That at the time of the sale of said land to the said defendant the said note from the said J. R. Burrell was unpaid and in full force, and at the request of the said J. R. Burrell, maker of the said note, the said W. R. Burrell at the time of the purchase of the said land agreed to and with the plaintiff, W. J. Haun, and J. R. Burrell, that he would pay off and discharge the said note for $63 as part of the purchase money of and in payment for the land above described.

" 4. That in consideration of the promise and agree-ment of the defendant, set forth in the preceding allega-tion and accepted by the plaintiff, the said J. R. Burrell

conveyed to the defendant W. R. Burrell the land described above.

"5. That the defendant has failed and refused to pay the note aforesaid.

"Wherefore the plaintiff prays judgment against the defendant for the sum of sixty-three dollars and interest on the same, together with the costs of this action, and that the debt sued on be declared to have been contracted for the purchase money of the land described in this complaint."

The defendant filed a duly verified answer denying each allegation of the complaint, except that part which alleges the execution of the deed, and sets up as a defense to the plaintiff's cause of action the Statute of Frauds.

After the jury was empaneled the plaintiff called W. J. Haun as a witness, who testified as follows:

"Live on Clear Creek in Edneyville. Note of J. R. Burrell to W. J. Haun—nothing paid on it—J. R. and W. R. Burrell came to me at my mill—he said "*if*" I buy the land, and I am contracting for it, I will pay the note. He bought the land. It was agreed "*if*" he bought the land he was to pay. The contract had not been drawn up. The price was $100. It was some time in February, 1895. The note was given for a horse. He pretended to give me a mortgage on this same land."

On redirect examination he said that he had been looking to W. R. Burrell all the time to pay the note.

At the conclusion of the plaintiff's evidence as above, the court intimated that the plaintiff was not entitled to recover, and in deference to the intimation of the court, the plaintiff suffered a non-suit and appealed.

Mr. *R. C. Strong*, for plaintiff (appellant).
No counsel *contra*.

CLARK, J. : Section 10 of the Statute of Frauds, now *Code*, Sec. 1552, provides that no one shall be liable upon a promise " to answer the debt, default or ' miscarriage of another, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party charged therewith, or some other person thereunto by him lawfully authorized." When the promise is denied the Statute of Frauds can be relied on without being pleaded (*Morrison* v. *Baker*, 81 N. C., 76, *Browning* v. *Barry*, 107 N. C., 231) but in fact it is pleaded by the defendant and is a complete protection in this case. *Scott* v. *Bryan*, 73 N. C., 582.

It is true that if the promise is based upon a new and original consideration of benefit or harm moving between the creditor and the party promising to pay the debt, this is not " a promise to answer the debt or default of another," and need not be in writing, *Whitehurst* v. *Hyman*, 90 N. C., 487 ; *Cooper* v. *Chambers*, 15 N. C., 261 ; *Ashford* v. *Robinson*, 30 N. C., 114 ; *Shaver* v. *Adams*, 32 N. C., 13. It is true also that the consideration of the new promise may be shown by parol. *Nichols* v. *Bell*, 46 N. C. 32.

But where the new parol contract is merely *superadded* to the original cause of action which remains in force and is not *substituted* for it, it is a promise to pay the debt of another and is void. *Draughan* v. *Bunting*, 31 N. C., 10 ; *Stanly* v. *Hendricks*, 35 N. C., 86 ; *Britton* v. *Thrailkill*, 50 N. C., 329. And this is true though there is a consideration for the new promise, (*Combs* v. *Harshaw*, 63 N. C., 198 ; *Rogers* v. *Rogers*, 51 N. C., 300.) it being well said and repeated in more than one case, " It required no statute to make void a promise not founded on a consideration. It is only in cases where there is a considera-

HAUN v. BURRELL.

tion to support the promise that the Statute of Frauds must be called into action." In the present case the evidence shows no consideration but merely a conditional promise that " if he (the defendant) bought the land, he would pay the note (of J. R. Burrell) for the horse, and he did (afterwards) buy the land." The plaintiff proved the note, and that nothing had been paid on it, and to enable him to recover (if he relies on the new promise as being made to himself) he must have shown in addition that it was no longer in force against J. R. Burrell, the promise of the defendant having been substituted for it, and that there was a consideration therefor. Upon the evidence the promise was doubly invalid, being *nudum pactum*, and barred by the Statute of Frauds. If the plaintiff relies on the new promise as being made to J. R. Burrell, the interesting question raised by his learned counsel (and which has never been decided in this State) whether a stranger to a contract made for his benefit can maintain an action on it (3 Am. & Eng. Enc., 863) does not arise in this case, for there is no evidence of the terms of the contract for the purchase of the land, between the defendant and J. R. Burrell, nor that as a part thereof the defendant was to pay J. R. Burrell's note to plaintiff. The conditional promise was before such purchase was made.

No error.