RUTLAND,
*January,*
1839.

ANDREW VARNEY *v.* DAVID YOUNG.

In a case where the father of a minor son had, at the request of the plaintiff, relinquished to the son all claim for his services, and authorized him to act for himself, stating that he would pay no debts incurred by the son, and the son had contracted with the plaintiff to labor for him, it was held the father was not bound to pay the plaintiff's charges during the sickness of the son, unless upon proof of an express contract, or of circumstances from which one could be *implied.*

BOOK account. It appeared before the auditor that, in December, 1834, David E. Young, a minor son of the defendant, went into the western part of the state of New York and hired himself to the plaintiff, and continued to work for him till the 9th day of October, 1835, when he became sick, and the account in suit was for the expenses of his sickness.

On the 28th of May, 1835, the plaintiff and David E. Young made a contract, by which the latter agreed to serve the plaintiff as an apprentice till the age of twenty one years. This contract was, however, to be submitted to the defendant for his ratification. The defendant disapproved the contract, but in July or August following, at the request of the plaintiff, sent his son an instrument in writing, by which he relinquished his claim to his son's services, and allowed him to contract for himself, and stated that he would pay none of his debts. This writing was delivered, by plaintiff's request, to him. The plaintiff's account was originally charged to the said David E. Young, and payment afterwards demanded of him by the plaintiff, who offered to allow the balance due the said David E. upon the account. It also appeared, that in May, 1835, but before the date of the contract between the plaintiff and the minor, the defendant had requested one John Kern, who resided near the plaintiff, to see, in the event of his son's sickness, that he should be taken care of, and promised to pay the expenses of his sickness, and that the said Kern, during the sickness of the son, visited him and requested the plaintiff to bestow all necessary care and attention upon him, and told the plaintiff that the defendant would pay him.

The auditor reported that there was nothing due the plaintiff to balance book accounts, and the county court accepted the report, and rendered judgment for the defendant to recover his costs. To which the plaintiff excepted.

*J. C. Dexter*, for plaintiff.

A parent is liable, at all events, for necessaries furnished his infant child. Reeve's Dom. Rel. 228, 229, 283. *Stanton* v. *Wilson*, 3 Day's R. 37. *Van Valkenbergh* v. *Watson*, 13 Johns. R. 480. *Stone* v. *Carr*, 3 Esp. Cas. 1. 2 Kent's Com. and cases there referred to. 19 Com. Law R. 508.

The liability of the parent arises from his neglect or refusal to furnish necessaries for his infant child, as when the infant is not *sub potestate parentis*, is from home, or out of the reach of the parent, or when the parent refuses to furnish such necessaries as it is impossible for the infant to do without. In this case the son was sick and destitute of property, and the plaintiff was at liberty to presume the consent of the parent that he might furnish the necessaries at the parent's expense. If not, then a father may take his infant child, pin a writing upon its dress that he will pay none of its debts, leave it in the highway, and he would be exonerated from liability. *Rawlyns* v. *Vandyke*, 3 Esp. Cas. 252. Also the cases before cited.

The parent may give his son his time, but this cannot exonerate the parent from liability, for it would be against public policy. Otherwise, a parent might give all his children their time, and say that he would pay no debts of their contracting, and thus rid himself of their support.

Though the minor in this case may be liable, yet this does not do away the liability of the defendant. Reeve's Dom. Rel. 228, 283.

The defendant made Kern his agent to bind him for the payment of the expenses of his son's sickness, and the agent did so bind him. Nor can it be reasonably supposed that the defendant intended to revoke that agency.

*S. Foot*, for defendant.

The defendant is not liable to the plaintiff in this case, inasmuch as the defendant, at the special solicitation of the plaintiff, relinquished all claim to the son's services, and authorized him to contract for himself, at the same time notifying the plaintiff that he should pay no debts incurred by the son. After such notice, and the relinquishment of all claim for the son's services by the father, the plaintiff contracted with him, and took him into employment at his own hazard, knowing that he was not to call upon the father for any expenses in-

curred by the son. . He cannot be entitled to the benefit of the son's services, under the contract with the son, and at the same time hold the father accountable for any expenses he may bestow upon him. The plaintiff did trust solely to the credit and responsibility of the son at the time, not intending to hold the father accountable to him. The father was as much discharged from such liability as he would have been under the covenant of an indenture.

The opinion of the court was delivered by

BENNETT, J.—It is well settled law, that a father is not bound to pay for necessaries furnished to his minor son, unless an actual authority be proved, or the circumstances be sufficient to imply one. There must be proof of a contract *express* or *implied,* a *prior* authority, or a *subsequent recognition* of the claim. 2 Kent's Com. 192. Chitty on Con. 117. *Blackburn* v. *Mackay,* 1 Car. & Payne's R. 1 *Huck* v. *Tollemache,* id. 5. *Wilkins* v. *Wells,* 3 do. 231. In the case now before the court, the defendant, at the request of the plaintiff, had relinquished to the son, by a written instrument, all claim for his services, authorizing him to contract for himself, and stating that he would pay no debts incurred by the son, and this was delivered to the plaintiff, at his request, prior to the son's sickness. Under these circumstances, the son was in the service of the plaintiff under a contract tween them that the plaintiff should pay him his wages, and the plaintiff's account was charged to the son, and the son called upon by the plaintiff for the settlement of it after he left him, and a proffer to apply on this account such sum as was due the son on his wages. It is undoubtedly true that a father may, by an agreement with his minor child, relinquish to the child the right which he would otherwise have to his services, and authorize those who employ him to pay him his wages. *Jenny* v. *Alden,* 12 Mass. R. 375. 3 Pick. R. 201. 9 Cowen's R. 92. 6 Conn. R. 547. In such case, the contract which the son shall make with a third person is conclusive upon the father. *Chilson* v. *Philips,* 1 Vt. R. 41. It is apparent that the credit was given to the son, and there is no ground for an implied contract on the part of the father that he would pay this account. It is found, indeed, by the auditor, that in May, 1835, the defendant engaged a Mr. Kern to see that his son was taken care of in case of sick-

ness, and he would pay the expenses; and that Kern, during the sickness of the son, called to see him at the plaintiff's house, and requested the plaintiff to see that he had all necessary care taken of him, and told him the defendant would be accountable to him for the same. But it is to be remarked, that the defendant had before this, and at the time he authorized the son to contract with the plaintiff in his own behalf, given him notice that he would pay no debts incurred by the son; and the auditor does not find that the son was sustained on the credit of the father, but the whole case shows the reverse. The son was made the debtor, and so treated by the plaintiff, and he is unquestionably liable. We cannot, from the facts reported, hold the father liable. The judgment is, therefore, affirmed.