JOHN W. SCOTT *v.* ELIAS BRYAN.

A promise to pay the debt of another is not binding on the party making the promise, unless the same be in writing.

To prove a disputed fact, the best evidence of which the nature of the case admits must be produced.  The best evidence of a judgmeet is the record of the same, or a transcript thereof.

(*Britton* v. *Thrailkill,* 5 Jones 329, cited and approved.)

Civil action, for the recovery of money only, tried before *Kerr, J.,* at Fall Term, 1874, Chatham Superior Court.

The action was referred by consent and heard by his Honor upon exceptions to the report of the referee, which was substantially as follows: I find that J. W. Scott was a merchant in the town of Haywood, in Chatham county, from 1855 to 1869, and the defendant was one of his customers during that period, and that the plaintiff sold goods to the defendant and his family, and charged them to the defendant,

and kept an account of what he sold, and also of what he received from the defendant, crediting the defendant with the money received from him and the services rendered by him.

The defendant produced an account against the plaintiff for a few articles alleged to have been sold to plaintiff, and also for the board of the brother of the plaintiff for two months. As to these demands each party pleaded the statute of limitations, and it was held that the statute barred both claims. I also find that the plaintiff had charged the defendant with an account of $228.83 against B. R. Bryant, who was a ward of the defendant. The defendant was the father of B. R. Bryant, and in the year 1866 as guardian of his said ward, assumed the payment of the account as stated by the defendant, but, as stated by the plaintiff, he assumed it individually, although the account was for goods sold prior to the 17th of April, 1861, I hold that it is not barred by the statute of limitations, as it became the debt of the defendant within the time beyond which the statute does not apply; the defendant having also assumed the payment of the same within three years from the date of said account. I have therefore charged the defendant with the items on the account of the plaintiff after the 17th day of April, 1861, with interest. I also charge him with the B. R. Bryan item of $228.83, with interest.

The report of the referee is voluminous and contains a great many facts not pertinent to the case as decided. The defendant excepted to the ruling of the referee, charging him with the item of $228.83, and also to the admission of the testimony of the plaintiff with regard to a counter-claim, all of which is fully stated in the opinion of the Court.

The exceptions were overruled and the defendant appealed.

*B. I. Howze* and *Tourgee & Gregory,* for the appellant.
*John Manniny,* contra.

RODMAN, J. The defendant suggested a diminution of the record, in that the record of a judgment recovered by Scott

against one Elliott, which is referred to in the case settled between the present parties, does not accompany the case, and moved for a *certiorari* to bring it up as a part of the case. This was opposed by the plaintiff, and we are of opinion that the writ should not be granted. The reasons for this opinion will sufficiently appear from our opinion on the second exception to the judgment of the Court below.

*The first exception* of the defendant is that the referee erroneously charged him with a certain debt of $228.83, which B. R. Bryan, a son of the defendant, had contracted with the plaintiff. The son, at the time of contracting the debt, was a minor and the defendant was his guardian. On a certain oc- casion the son had some cotton ; whether it was the product of his own land or of the defendant's, does not appear and is not material. Plaintiff endeavored to get the son to consent to his taking the cotton in payment of the debt. This the son refused to do except with his father's consent. The father refused to consent, but said he would pay the account. It is immaterial whether he said he would pay it as guardian, that is, out of the son's property, or not. An unqualified promise to pay out of the son's property would be as binding as a promise to pay individually, and would amount to the same thing. But whatever the form of the promise was, it had no legal force, as it was a promise to pay the debt of another, and was not in writing. *Britton* v. *Thrailkill,* 5 Jones, 329.

In the present case the debt was originally, and continued to be, that of the son. The promise of an infant to pay an account for goods sold to him, (not being necessaries,) though voidable, is not void. 1 Pars. Cont. 295.

The promise of the father was superadded to the liability of the son. A father or guardian is under no legal liability to pay debts contracted without authority from him by his son or ward except under special circumstances which did not exist in this case. 1 Pars. Cont. 304 ; *Hunt* v. *Thompson,* 3 Scam. 180 ; *Varney* v. *Young,* 11 Vt. 258 ; *Kelly* v. *Davis,* 49 N. H. 187 ; *Robinson* v. *Weeks,* 56 Maine 102 ; *Shelton* v.

*Springett*, 11 C. B. 452, (73 E. C. L. R;) *Rolfe* v. *Abbott*, 6 E. & P. 286, (25 E. C. L. R.)

We concur in the judgment of his Honor on this exception. The defendant is not liable.

*The second exception* of defendant is set forth as follows : " That the referee erred in admitting the testimony of the plaintiff, as follows : The plaintiff proposed to prove that he and the defendant were co-partners. That as co-partners they were indebted to one George Harris, principal and interest, somewhere between $5,500 and $6,000. That plaintiff had a claim amounting, principal and interest, to $2,000 against one Elliott, and that in the settlement of the claim of Harris against Scott and Bryan, the claim of Scott against Elliott was taken in part payment. The said Harris was the bondsman of Elliott. The claim of $2,000 was due Scott individually from Elliott.

The defendant's counsel then asked if those two claims had been reduced to judgment. The plaintiff answered that the claim against Scott and Bryan had been reduced to judgment, and the other not. The defendant then objected to the proposed testimony as being incompetent without the production of the judgment. Objection overruled; testimony admitted. The plaintiff admits the case 626, *J. W. Scott* v. *W. P. Elliott*, was the claim he had on said Elliott, and that the papers filed in the judgment roll are the papers in the case. His Honor sustained this exception. From these rulings the plaintiff prayed an appeal."

The evidence objected to by the defendant, was that tending to prove the amount of the claim of Harris against the firm of Scott and Bryan, upon which the plaintiff alleged he had paid $2,000 of his separate money. The amount of this partnership debt seems to have been in dispute. If it was less than $2,000, evidently the plaintiff paid more than the partnership was liable to pay, and he was certainly not entitled to charge for any excess paid over and above the partnership debt. To prove a disputed fact the best evidence must be produced

which the nature of the case admits. A transcript of the judgment (not of the *judgment roll*) was evidently better evidence of the amount of the debt, than the recollection of the witness. We are at a loss to conjecture why the plaintiff should have persisted in leaving this question of fact open to doubt, when he might have produced conclusive evidence. If he was surprised and not then prepared with a certificate of the judgment, it must be supposed that the referee would have given him reasonable time to procure it, as it would have been the duty of the referee to do. His Honor sustained this exception, and we concur with him, that the evidence objected to was not competent.

We have had some difficulty as to the judgment that ought to be given. Ordinarily, when an exception to a report of an account is sustained, the judgment is that the report be reformed by omitting the charge or credit excepted to, and then the proper judgment is given upon the account as reformed. So, in general, if a charge or credit be excepted to, as being allowed without evidence, or without sufficient evidence, where the reviewing Court has power to pass on the weight of the evidence, and the exception be sustained, the report would be reformed as to that item, and judgment given on it as reformed. This would be on the assumption that the party had produced before the referee all the evidence which existed and which it was in his power to procure, as it was his duty to have done. And also on the policy of requiring parties to use due diligence in the prosecution of their claims in the proper time. In such a case, to send the question back to the referee to be passed on again upon additional evidence, is in effect to give a new trial of the question, and is attended with the like evils of delay and expenses which attend new trials on matters of fact once decided by a jury. A new trial of an issue before a jury would certainly not be granted where the party knowing of the better evidence, and being able to obtain it, had neglected to do so, and risked his case upon evidence held to be incompetent, and therefore rejected.

This case, however, is not exactly that. Here the referee received the incompetent evidence, which ruling, incorrect as it was, may have induced the party to content himself with it. Moreover, it seems not to be disputed, that there was a just claim to some amount, in favor of Harris against the firm of Scott & Bryant, and it would be a manifest injustice, if the plaintiff should lose credit entirely, for his payment of $2,000, merely because of the uncertainty whether as much as that, or more, was due to Harris.

For these reasons, we are of opinion that the plaintiff should have another opportunity of proving the fact in dispute, by competent evidence, if he can. This question was not passed on in the Court below, and indeed no final judgment was given there, as it ought to have been.

The rulings of the Judge below are sustained, and the case is remanded, in order that the account may be reformed as to the matter of the first exception, and that a new trial may be had as to the matter of the second exception.

The plaintiff will pay the costs of this Court.

PER CURIAM.                         Judgment accordingly.