JOHN W. SCOTT v. ELIAS BRYAN.

*Parties—Partnership—Pleading—Counter-claim.*

1. Where four copartners joined in a note to purchase property for the partnership account, and after the dissolution of the firm, the plaintiff paid more than his proportion of the note, and brought suit against the defendant for contribution; *It was held*, that the other partners were not necessary parties where they were all insolvent, one of them dead with no representative, and another a non-resident of the State.

2. Where one partner pays more than his share towards a partnership debt, he can only recover from his copartner one half of the excess paid.

3. Although a counter-claim to a counter-claim is not allowed, yet when it is pleaded at an early stage of the action, and no objection is made to it, this Court will not strike it out when the action has been long pending, but will consider it as an amendment to the complaint.

19

CIVIL ACTION, heard before *Clark, Judge,* upon exceptions to the report of a referee, at May Term, 1886, of CHATHAM Superior Court.

This case, commenced in 1872, and after repeated references and reports, and one appeal to this Court, (73 N. C., 582,) has been protracted, and is now before us for final adjudication, very much narrowed in its scope.

The referee finds to be due the plaintiff, on March 16th, 1874, the sum of $1,307.53, in making up which amount is a charge of $2,000 for a debt belonging to the plaintiff, and used in paying off a judgment recovered by one Harris against the parties to this suit, in the Superior Court of New Hanover. The indebtedness thus reduced to judgment, consisted in three several notes, each for $1,050, made on January 1st, 1857, and payable with interest, at short intervals, and executed under seal by the plaintiff, the defendant and three others, I. S. Banks, L. A. Williams and W. P. Elliott.

The notes were given in purchase of the steamer Enterprise, intended to be run on the joint account of the copartners, on the Cape Fear river, between Wilmington and Lockville. She was so run for a time without profit, and was finally burned and destroyed.

The referee was ordered at Spring Term, 1879, to report the partnership account of the Steam-boat Company, and he reported that there was no such copartnership. Upon defendant's exception, the matter was recommitted, and the referee directed to ascertain whether such copartnership did not in fact exist; and at Spring Term, 1883, he reported that it was formed of the parties to the note in the year 1856 or 1857; and he was then required to take and state the partnership account. The referee failed to carry out the order, in consequence of the defendant's objection, that the other three members of the firm were not parties to the action. At Spring Term, 1883, the defendant's objection was overruled,

to which he excepted, and the referee was directed to proceed under the previous order.

The parties by counsel and in person appeared before the referee on September 5th, when he proposed to take the account, whereupon defendant's counsel interposed a counter-objection to the taking any evidence in regard to the $2,000 charge, as being an item in a partnership matter, which could not be divorced from the general account, and made a separate debt, on demand by one partner against the other; and he also objected to it as growing out of the relations of the several obligors as co-principals.

On the contrary, plaintiff's counsel insisted, that the objection, if of any force, came too late, as the pleading, though in form a replication, had been, since its filing in 1873, treated as part of the complaint, and repeated orders and other proceedings had in the meantime taken place.

The referee therefore took no further evidence on the point, and made his final report; finding it impossible without proof to state the account, deciding that the defendant's objection came too late, and that the sum heretofore reported is the true balance due from the defendant to the plaintiff.

There was judgment in favor of the plaintiff, and the defendant appealed.

*Mr. John Manning*, for the plaintiff.
*Messrs. B. I. Houze* and *E. C. Smith*, for the defendant.

SMITH, C. J., (after stating the facts). We do not deem the presence of the three other partners essential, since it appears that each of them is insolvent; Williams dead, with no representative; Banks non-resident; and Elliott only, residing in the State. The suit on the notes given for the steam-boat was settled by the payment of $1,250, by the plaintiff, of a like sum by the defendant, and the plaintiff's surrender to Harris of a claim held by him against Elliott

and Harris, the latter being a surety, for $2,148, making the excess $2,000 paid by the plaintiff.

Confining our attention to this item as derived from the plaintiffs' own funds, and as affected by their relations upon the note, it appears to us that while this sum in its whole amount should be charged to the *copartnership account*, yet only one half of it is due from the defendant to the plaintiff, just as would have been the plaintiff's money payment divided between the parties, but that an equal sum was paid by the defendant, and thus their contributions are equal.

So must it be as to the alleged excess of the plaintiff's payment. There may be some explanation on this point, as we must infer from the fact that there is no controversy about the amount. What effect the correction may have upon the result, will appear upon a re-statement, if found necessary. We deem it therefore proper before any final judgment, to have the point enquired into.

So far as the objection rests upon the form of the pleading, the charge being termed a replication, it is untenable.

While a counter-claim to a counter-claim is inadmissible upon the strict rules of pleading, its early introduction in the action without objection to the manner of introducing, requires us at this late stage to assign it a place in the complaint as an amendment, not as supplementary, but as belonging to the first allegation of the plaintiff's cause of action.

We therefore deem it proper to direct an inquiry upon the point whether the whole $2,000 shall be charged against defendant, or one moiety only of it, and the reference will be to the same referee.

Reference directed.