G. W. DAVISON et al. Trustees of Davis & Gregory, v. WEST
    OXFORD LAND COMPANY.

*Contract for Purchase of Land—Vendor and Vendee—Repudiation of Contract — Counter-claim for Money Paid on
Purchase.*

1. When a party makes a contract for the purchase of land and then repudiates it, he cannot recover money paid thereon.

2. Where, in an action against a corporation for the balance due on a contract for the sale and purchase of land, the defendant denied the
contract and set up a counter-claim for payments made by its officers
without authority, to which there was no replication and, on the
trial, the jury found that there was no contract; *Held*, that, notwithstanding the plaintiff's failure to reply to the alleged counterclaim, the defendant cannot recover thereon, since the payments
upon which the counter-claim was based could not have arisen upon
the "same transaction" alleged in the complaint, but found by the
jury not to have taken place between the parties.

CIVIL ACTION, tried before *Allen, J.,* and a jury, at January Term, 1897, of GRANVILLE Superior Court. The facts
appear in the opinion of the Court. Under the instruction
of his Honor, the jury found that defendant was not entitled
to recover on its alleged counter-claim, and from the judgment thereon the defendant appealed.

*Messrs. J. W. Graham* and *A. W. Graham,* for defendant
(appellant).
*Mr. A. J. Field,* for plaintiffs.

MONTGOMERY, J.: The plaintiffs, as trustees of Davis &
Gregory, brought this action to recover the balance of the
purchase money for a tract of land lying in and near
Oxford, known as the "Johnson Land," which they alleged
the defendant company had contracted to buy from them.
The defendant denied that it ever contracted to purchase
the land, and averred that certain acts, done by two of its

officers, which the plaintiffs claimed were partial payments upon the purchase price of the land, were *ultra vires* and done without the knowledge or consent of the defendant and without its subsequent ratification; and the defendant also sets up as a counter-claim against the plaintiffs, the amounts which those officers had, as it claims, unlawfully paid as payments on the land. No replication was made by the plaintiffs to the matter set up as a counter-claim. Upon issues submitted the jury answered that the defendant had not contracted with the plaintiffs for the purchase of the land, and that the plaintiffs were not indebted to the defendant on account of the counter-claim set up by it.

The only assignment of error by the defendant upon the appeal was to the charge of his Honor, which was as follows: "When a party makes a bargain to purchase land and then repudiates the contract, he cannot recover money paid on the contract. I instruct you upon the pleadings and evidence in this case that defendant is not entitled to recover, and you will answer the 6th issue "No"." Defendant excepted.

There was no error in the instruction of his Honor. Whenever a counter-claim is pleaded, of course the plaintiff must make replication or the counter-claim will be taken as admitted. But, in the case before us, the matter which was pleaded as a counter-claim was not in law and fact one. The jury found that there was no contract between the parties; and, therefore, the matter set up as a counter-claim could not have arisen upon the same transaction which was alleged by the plaintiffs to have taken place between them and the defendant, for the defendant in the answer denied that there ever had been such a transaction as that declared on in the complaint and the jury, upon the evidence submitted, said that there was no such transaction. *Code*, Section 244, Sub. Sections 1, 2.                    No error.