J. J. PRICE, AND OLLIE PRICE BY HIS NEXT FRIEND, D. H. BLAND,
v. BOARD OF TRUSTEES OF GOLDSBORO TOWNSHIP.

(Filed 27 September, 1916.)

**Municipal Corporations—Road Trustees—Government Agencies—Torts.**

A township board of trustees incorporated by the Legislature to main-
tain and construct the public roads of the township are clothed with
duties governmental in their nature and for the public benefit; and
while strictly acting in pursuance thereof they are not liable for a pure
tort of their employees or agents in inflicting a personal injury upon
others, as in this case, by their negligence in leaving explosives exposed,
resulting in their being found by young children and set off by them in
their play. The ·distinction between instances in which the injury
amounts to the taking of private property and. where the primary
purpose of a corporation is for private gain is pointed out and dis-
tinguished.

CIVIL ACTION to recover damages for alleged negligent injury, heard
on demurrer to complaint before *Lyon, J.,* at May Term, 1916, of
WAYNE.

There was judgment sustaining demurrer, and plaintiffs, having duly
excepted, appealed.

*Dortch & Barham for plaintiff.*
*W. T. Dickinson for defendant.*

HOKE, J. The complaint, in effect, alleges that in September, 1915,
defendant, incorporated by act of General Assembly, Public-Local Laws
1913, ch. 327, and charged with duty of constructing and maintaining
the public roads of Goldsboro Township, Wayne County, were, through
their employees and agents, in performance of their corporate duties,
engaged in blasting out certain portions of a public road in said town-
ship and using for the purpose dynamite cartridges, etc.; that said em-
ployees, while so engaged, by reason of a rainstorm suddenly arising,
were forced to seek shelter in a barn of one Howard, situate near the
roadway, and, on departing from said barn, wrongfully, carelessly, and
negligently left therein a box of dynamite cartridges, and later a child
of the owner, aged 9, found said box, which had been left "on a sill in
said barn in easy reach and plain view," and the contents were distrib-
uted among his playmates, who were present with him at the time;
that one of these, Ollie Price, aged 10, was endeavoring to open the car-
tridge given to him, with a pin, when it exploded, causing him serious
and permanent injury, etc.

To this complaint, defendant corporation entered formal demurrer for
cause, chiefly, that it appeared on face of the complaint that defendant
corporation, in so far as connected with the transaction, is a municipal

corporation, a branch of the county government, and engaged at the time in building and grading the public roads, a work purely public and governmental in its nature, and in such case the corporation is not liable for the torts of its employees, agents, etc.

His Honor, being of opinion with defendant, entered judgment, as stated, sustaining the demurrer, and the plaintiffs appealed.

It is the general rule in this jurisdiction that a municipal corporation, when engaged in the exercise of powers and in the performance of duties conferred and enjoined upon them for the public benefit, may not be held liable for torts and wrongs of their employees and agents, unless made so by statute. *Snider v. High Point,* 168 N. C., 608; *Harrington v. Greenville,* 159 N. C., 632; *McIlhenny v. Wilmington,* 127 N. C., 146; *Moffit v. Asheville,* 103 N. C., 237; *White v. Comrs.,* 90 N. C., 437.

A limitation upon the general rule is recognized and established in several of the more recent decisions on the subject when the injury complained of amounts to a taking of private property of the citizen, within the meaning of the term "taking" as understood and defined in administering the rights of eminent domain. See *Donnell v. Greensboro,* 164 N. C., 330; *Hines v. Rocky Mount,* 162 N. C., 409; *Little v. Lenoir,* 151 N. C., 415.

Again, it is held that the general rule, as first stated, does not obtain where the corporation, though partaking to some extent of the nature of a municipal agency and exercising some such powers, is, in its primary and controlling purpose, a private enterprise, undertaken and organized for purpose of private gain. *Leary v. Comrs., ante,* 25; *Southern Assembly v. Palmer,* 166 N. C., 75; *Comrs. v. Webb,* 160 N. C., 594.

There is doubt if the limitation first suggested has been always sufficiently adverted to and observed in some of our cases; but however that may be, there can be no question that, on the facts of this record, the general rule should prevail, it appearing that the wrong complained of was in no sense an invasion of the proprietary rights of plaintiffs or any of them, but a tort pure and simple, perpetrated by defendant's agents and employees, if at all, while engaged in the performance of duties, governmental in their nature and imposed upon and undertaken by defendant corporation entirely for the public benefit.

There is no error, and the judgment of his Honor, sustaining the demurrer, must be

Affirmed.