GILLIAM FURNITURE, INC., v. BENTWOOD, INC. AND ACCURATE FAB-
RICATING COMPANY, INC., AND E. L. LOWE.

(Filed 20 April, 1966.)

**1. Pleadings § 25—**

Both under common law and by statute, G.S. 1-163, the Superior Court
has discretionary power to permit an amendment to the pleadings, and the
extent of a permissible amendment must be left in a large degree to the
court's discretion, and the court may allow an amendment introducing a
new cause of action provided the facts constituting such new cause arise
out of or are connected with the transaction on which the original plead-
ing is based.

**2. Same— Order allowing amendment held within the discretionary
power of the trial court.**

Plaintiff brought suit against the corporate debtor and corporate
guarantor of payment. The president of the guarantor was made a party
defendant and he alleged that the guarantee of payment was without
consideration and of no legal effect. Plaintiff then alleged that if the
president was not authorized to obligate the guarantor, the president's
letter to that effect was fraudulently executed, that plaintiff had relied
upon it, and that the president was estopped to plead his own wrongdo-
ing as a defense. Plaintiff thereafter sought an amendment to allege
new facts coming to its knowledge that the president of the guarantor
had executed a written instrument agreeing to take over the operation of
the principal debtor and to assume all of its indebtedness. *Held:* The
court had discretionary power to allow the amendment.

**3. Same; Pleadings § 10—**

A cause of action must be alleged in the complaint and may not be al-
leged in the reply, and therefore when plaintiff requests an amendment
setting up a new cause of action plaintiff should be directed to recast the
complaint rather than be permitted to amend his reply.

MOORE, J., not sitting.

APPEAL by defendant Lowe from *Crissman, J.,* September 1965
Session, IREDELL Superior Court.

Plaintiff brought suit against Bentwood, Inc. and Accurate Fab-
ricating Company, Inc. (Accurate) upon the allegation that Accu-
rate had, through its President, E. L. Lowe, guaranteed the payment
of the account of $26,949.88 owed by Bentwood. The defendant
Lowe, upon motion of the plaintiff, was later made a party defend-
ant. Lowe answered that the alleged guarantee was to "save face"
for L. S. Gilliam, Sr. who was Chairman of the Board of Gilliam
Furniture, Inc. and who was being criticized by his stockholders for
extending credit to Bentwood and that the same was without con-
sideration and of no legal effect. The plaintiff replied that if Lowe
was not authorized to obligate Accurate, his letter was fraudulently

executed; that it had relied upon its contents and that Lowe was estopped to plead his own wrongdoing as a defense. Thereafter Lowe died and his co-executors were made parties to the action. Then the plaintiff moved to be allowed to make an addition to its reply because "certain additional facts" have come to its knowledge which are material to the controversy in this action.

Judge Crissman allowed the motion and the following was added: "that the defendant, E. L. Lowe, executed a written instrument wherein he agreed to take over the operation of Bentwood, Inc. and wherein he further agreed to assume all financial responsibilities for indebtedness of Bentwood, Inc."

From the signing of the order allowing the motion and the filing of the amendment, Lowe's co-executors appeal, assigning error.

*Collier, Harris & Collier by Robert L. Collier, Jr., attorneys for plaintiff appellee.*

*Battley and Frank by Jay F. Frank, attorneys for defendant appellant.*

PLESS, J.   G.S. 1-163 provides "the judge or court may, before and after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading . . . by inserting other allegations material to the case." Many annotations under this statute show that even without the statute the Superior Court possesses an inherent discretionary power to amend pleadings at any time and that amendments should be liberally allowed. It is said in *Perkins v. Langdon,* 233 N.C. 240, 63 S.E. 2d 565:

> "* * * (T)he powers of amendment conferred by this statute * * * are by its very terms left to be exercised in the discretion of the court. Therefore no inflexible rule applicable to all cases can be laid down. Necessarily each case must to some extent be decided upon its particular facts."

It was said in *Bassinov v. Finkle,* 261 N.C. 109, 134 S.E. 2d 130:

> "The allowance of an amendment which only adds to the original cause of action is not such substantial change as to amount to an abuse of discretion."

In *Mica Industries v. Penland,* 249 N.C. 602, 107 S.E. 120 the court says:

> "* * * (I)t * * * (is) permissible under G.S. 1-163 to allow plaintiff to introduce a new cause of action by way of

amendment if the facts constituting the new cause of action arise out of or are connected with the transactions upon which the original complaint is based."

In this case the deceased, E. L. Lowe, having been made an additional party defendant after the institution of the action, filed an answer in which he denied that his corporation had guaranteed Bentwood's account, but asserted that his action was merely a device intended to prevent further questioning and also to "save face" for L. S. Gilliam, Sr. It was entirely appropriate for the plaintiff under these conditions to act to hold Lowe (or rather his estate) liable to it and, it must be recalled that in the first Reply (to which no exception has been taken) the plaintiff seeks to recover of defendant Accurate Fabricating Company and/or E. L. Lowe, the sum of $26,949.88, et cetera. The proposed amendment will permit introduction of evidence if available tending to show Mr. Lowe's individual liability that might not have been competent without the amendment.

The plaintiff's cause of action, however, must be alleged in the complaint and not in the reply, *Phillips v. Mining Co.*, 244 N.C. 17, 92 S.E. 2d 429. Since the plaintiff first stated a cause of action against Lowe in his "first reply," we will treat both replies as amendments to the complaint, *Scott v. Bryan*, 96 N.C. 289, and the plaintiff is directed to recast his pleadings accordingly.

The action of the lower court, except as hereinabove modified is Affirmed.

MOORE, J., not sitting.