T. T. DAVIS AND WIFE, VELMA ANN JONES DAVIS, v. NORTH CAROLINA STATE HIGHWAY COMMISSION.

(Filed 20 September, 1967.)

**1. Appeal and Error § 6—**

A motion to strike allegations on the ground that they failed to state a cause of action is equivalent to a demurrer, and an order allowing the motion has the effect of sustaining a demurrer, and is appealable. G.S. 1-277.

**2. State § 4;  Eminent Domain § 11—**

The State Highway Commission, as an agency of the State, may be sued in tort only as authorized in the Tort Claims Act, G.S. 143-291, and in no forum is the Commission liable for fraudulent misrepresentations.

**3. Eminent Domain § 11;   State § 5a;   Negligence § 2—**

The Tort Claims Act authorizes claims against the State Highway Commission which arise out of a negligent act of an employee in the scope of his employment, G.S. 143-291, and allegations to the effect that the Commission by false representations fraudulently and unnecessarily induced the plaintiffs to vacate their home two years before it was required for highway purposes, *held* properly stricken, since an intentional misrepresentation is not a negligent act.

**4. Fraud § 12—**

Punitive, exemplary, or vindictive damages are ordinarily not recoverable for simple fraud.

**5. Pleadings § 11—**

A reply is a defensive pleading, and where the reply states a cause of action, it is properly stricken on motion.

**6. Eminent Domain § 5—**

Plaintiffs alleged that they vacated their home on the date the Highway Commission advised them it would require the property, but that the Commission did not take actual possession until some two years later. The Commission admitted the date of taking to be the day plaintiffs vacated the property. *Held:* The proper measure of damages is the fair market value of the property as of the date of the taking, plus interest for delayed payment of compensation, and plaintiffs are not entitled to damages for the loss of use of their property between the day it was vacated and the date the defendant deposited its estimate of compensation.

APPEAL by plaintiffs from *Martin, S.J.,* 12 June 1967 Non-Jury Civil Session of BUNCOMBE.

Plaintiffs instituted this action on 10 March 1967 under G.S. 136-111 to recover from North Carolina State Highway Commission compensation for the appropriation for highway purposes of a certain house and lot in Asheville. In brief summary, the complaint alleges:

Defendant took plaintiffs' property on 14 January 1965. On 14 July 1964, it had notified plaintiffs by letter that 14 January 1965 was "the approximate planned date" on which their residence would be demolished or removed from the lot. Plaintiffs vacated their home on or about 14 January 1965 and since that date "defendant has appropriated the property for its own use." Plaintiffs are entitled to recover actual damages in the sum of $50,000.00 with interest thereon from 14 January 1965 as a result of the appropriation. In addition, plaintiffs allege that defendant falsely represented to them that it would demolish their residence on 14 January 1965. Defendant made this representation with knowledge of its falsity and with the intent to deceive plaintiffs and force them from their home before it was actually necessary for them to leave. Deceived by this representation and acting in reliance upon it, plaintiffs va-

cated their property and acquired another residence. Plaintiffs are entitled to recover one million dollars as punitive damages.

In compliance with G.S. 136-111, plaintiffs filed in the office of the Register of Deeds of Buncombe County a memorandum of the action in which they stated that the taking occurred on 14 January 1965.

On 24 April 1967, defendant moved to strike all the allegations in the complaint concerning false representations and punitive damages. It also filed answer admitting that it had taken plaintiffs' property on 14 January 1965 and that plaintiffs were entitled to recover just compensation as provided by Article 9, Chapter 136 of the General Statutes of North Carolina. The answer included a declaration of taking and notice that defendant had deposited $15,500.00 as its estimate of just compensation for the appropriation. On 28 April 1967, under G.S. 136-105, plaintiffs petitioned the court to distribute this deposit to them "to be applied as a credit against just compensation."

On 10 May 1967, plaintiffs filed a reply to defendant's answer, in which they alleged that on 10 March 1966 they went back into possession of the property, and retained it until 10 March 1967; that defendant did not take possession of the property until 2 May 1967; "that the second and actual taking of said property occurred on or about April 24, 1967, when defendant filed a Notice of Taking"; that defendant defrauded plaintiffs "from having the use of the property for over two years"; that defendant pretended to take the property on 14 January 1965 pursuant to a scheme to induce plaintiffs to leave their property vacant so that it would deteriorate in value. They alleged that the fair market value of the property at the time of the taking on 24 April 1967 was $45,000.00 and prayed that they recover this amount. Defendant filed a motion to strike the reply.

The case was calendared at the 12 June 1967 Non-Jury Session of Buncombe County at which time Judge Martin entered an order allowing defendant's motion to strike the specified allegations of the complaint and the entire reply. In the same order, he determined that defendant had appropriated plaintiffs' property on 14 January 1965 and that the only issue raised by the pleadings was: What sum are plaintiffs entitled to recover of defendant as just compensation for the appropriation of their property for highway purposes on the 14th day of January, 1965?

Plaintiffs excepted to the various rulings and appealed.

*Cecil C. Jackson, Jr., for plaintiff appellants.*
*Thomas Wade Bruton, Attorney General; Harrison Lewis, Dep-*

*uty Attorney General; Andrew McDaniel, Assistant Attorney General; Gudger and Erwin, Associate Attorneys, for defendant appellee.*

SHARP, J. Defendant moved to strike from the complaint and reply the allegations that it had unnecessarily and fraudulently deprived plaintiffs of their property two years before it was required for highway purposes, and that plaintiffs were entitled to compensatory and punitive damages for the loss of its use. This was equivalent to a demurrer to that purported cause of action, and the effect of Judge Martin's order allowing the motion was to sustain the demurrer. *Insurance Co. v. Bottling Co.,* 268 N.C. 503, 151 S.E. 2d 14; *Williams v. Hospital Asso.,* 234 N.C. 536, 67 S.E. 2d 662. Rule 4(a) of this Court has no application to such orders for they come within the provisions of G.S. 1-277. *Etheridge v. Light Co.,* 249 N.C. 367, 106 S.E. 2d 560.

The North Carolina State Highway Commission is an agency of the State. It is, therefore, not subject to suit except in the manner provided by statute. It may be sued in tort only as authorized in the Tort Claims Act, G.S. 143-291. *Teer Co. v. Highway Commission,* 265 N.C. 1, 143 S.E. 2d 247. The Tort Claims Act empowers the *Industrial Commission* to pass upon tort claims against the State Highway Commission which "arose as a result of a negligent act" of an agent of the State while acting within the scope of his employment by the State. G.S. 143-291. Neither intentional misrepresentation nor conspiracy to defraud is negligence, and injuries intentionally inflicted are not compensable under the Torts Claim Act. *Jenkins v. Department of Motor Vehicles,* 244 N.C. 560, 94 S.E. 2d 577.

> "Fraud is distinguishable from mistake or negligence. 'Deceit excludes the idea of mistake, and fraud has been termed a grosser species of deceit. Deceit is a fraudulent misrepresentation, by which one man deceives another, to the injury of the latter.' . . .
>
> " 'Fraud is a malfeasance, a positive act resulting from a willful intent to deceive; negligence is strictly nonfeasance, a wrongful act resulting from inattention and not from design. . . . Negligence, whatever be its grade, does not include a purpose to do a wrongful act.' " *Walter v. State,* 208 Ind. 231, 241, 195 N.E. 268, 272, 98 A.L.R. 607, 613; 37 C.J.S. Fraud § 1.

In no forum is the State Highway Commission liable for fraudulent misrepresentations. *Teer v. Highway Commission, supra;* see *Price v. Trustees,* 172 N.C. 84, 89 S.E. 1066. Furthermore, it is "the

general rule that ordinarily exemplary, punitive, or vindictive damages are not recoverable in an action for fraud. 37 C.J.S., Fraud, section 144"; *Wilkins v. Finance Co.*, 237 N.C. 396, 404, 75 S.E. 2d 118, 124; *accord, Nunn v. Smith*, 270 N.C. 374, 154 S.E. 2d 497; *Swinton v. Realty Co.*, 236 N.C. 723, 73 S.E. 2d 785.

Even, however, if the allegations contained in plaintiffs' reply were sufficient to state a cause of action, the reply was properly stricken; the reply is a defensive pleading. A plaintiff's cause of action must be stated in the complaint — not in the reply. *Furniture Co. v. Bentwood Co.*, 267 N.C. 119, 147 S.E. 2d 612; *Nix v. English*, 254 N.C. 414, 119 S.E. 2d 220; *Phillips v. Mining Co.*, 244 N.C. 17, 92 S.E. 2d 429; *Miller v. Grimsley*, 220 N.C. 514, 17 S.E. 2d 642; 3 Strong, N. C. Index, Pleadings § 11 (1960).

When, under its power of eminent domain, the State Highway Commission takes private property which it is entitled to condemn, it is liable for the fair market value of the property "as of the date of the taking, and unaffected by any subsequent change in the condition of the property." *DeBruhl v. Highway Commission*, 247 N.C. 671, 676, 102 S.E. 2d 229, 233. Where the payment of compensation is delayed, the condemnee is entitled to interest on that sum at the rate of six per cent from the date of the taking. *Winston-Salem v. Wells*, 249 N.C. 148, 105 S.E. 2d 435; *DeBruhl v. Highway Commission, supra*.

Plaintiffs were not legally required to leave their home on 14 January 1965, the date defendant advised them it would require the property. G.S. 136-104. However, in deference to defendant's notice to vacate, they acceded to the request, acquired another residence, and moved. They alleged that defendant took their property on that date. Defendant, meeting the requirement of elemental justice, admitted the taking on 14 January 1965 and its liability to pay plaintiffs the sum determined to be the fair market value of the property plus interest from that date.

No doubt the property, while standing vacant from 14 January 1965 to 10 March 1966 (the date on which plaintiffs went back into possession), deteriorated in value. Although they retained it until 10 March 1967, and defendant did not take actual possession of the property until 2 May 1967, defendant seeks neither to penalize plaintiffs for their occupancy nor to change the time of taking from 14 January 1965.

Plaintiffs are not entitled to recover any damages — other than interest — for the loss of use of their property between the time they vacated it and the time defendant deposited its estimate of just compensation for the property appropriated. Its fair market value as of the day of the taking is the full measure of plaintiffs' damages.

*Railroad v. Highway Commission,* 268 N.C. 92, 150 S.E. 2d 70; *Williams v. Highway Commission,* 252 N.C. 141, 113 S.E. 2d 263.

The allegations contained in the reply and those stricken from the complaint were clearly improper and correctly stricken. *Spain v. Brown,* 236 N.C. 355, 72 S.E. 2d 918. The issue determined by the judge is the only issue which arises upon the pleadings.

The order of the court below is, in all respects,

Affirmed.