The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner, with some modification. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
***********
 RULING ON EVIDENTIARY MATTERS
This case was scheduled for oral arguments on September 2, 1999. By order dated July 20, 1999, the Full Commission waived oral argument before that body. On September 2, 1999 the Full Commission panel voted on and decided the matter. Plaintiff filed a Motion for an Extension of Time to submit a brief, which was received by the Commission on September 2, 1999. Plaintiff's motion is hereby DENIED.
***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. At all times pertinent herein, plaintiff was in the custody of the Department of Correction and was housed in the Craggy Correctional Center in Buncombe County, North Carolina.
2. The employees of the State involved were Correctional Officers Mark Higgins and Terry Getman. They were employees of the North Carolina Department of Correction, and were acting at all times within the scope of their employment.
3. The plaintiff alleges damages as a result of having personal belongings confiscated during a random search and the failure of defendant Getman to intervene in the actions of defendant Higgins during the random search. Plaintiff alleges damages in the amount of more than $10,000 due to the negligent conduct of the correctional officers.
4. On or about 26 January 1996, the plaintiff was in the computer room, as scheduled, at the time dinner was being served to the inmates.
5. Plaintiff had the ability to make preparations to have a bag lunch while in the computer room but failed to do so.
6. Plaintiff arrived at the dining hall at a time when the last call for dinner had been made, the entrance door had been locked pursuant to policy, and the process of breaking down the food serving line had begun.
7. Upon his arrival at the dining hall, the plaintiff entered the dining hall through the exit door.
8. Correctional Officer Mark Higgins, on duty in the dining hall, after conferring with his superior officer, Lt. Davis, intentionally did not allow plaintiff to be served food. Higgins' decision to prohibit the plaintiff from being served was consistent with Department of Correction policy and pursuant to his supervisor's instruction.
9. On or about 15 February 1996, Higgins conducted a search of the plaintiff's locker, and in doing so, handled plaintiff's legal papers and computer disks. Higgins' search of plaintiff's locker was conducted in accordance with Department of Correction policy.
10. There is a lack of convincing, credible evidence that at the time of the search, Higgins' caused any temporary or permanent damage to the plaintiff's property.
11. There is insufficient evidence of record to support a finding that a bailor/bailee relationship existed at the time Higgins' took possession of the plaintiff's computer disks.
12. Assuming, for the sake of argument, that there was a bailor/bailee relationship between the Department of Correction and the plaintiff, any damages suffered by the plaintiff are nominal, since no evidence has been presented that the alleged damages would have been more than one dollar.
***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff has failed to prove by the greater weight of the evidence that then Correctional Officer Higgins was negligent in his handling of the plaintiff's property or that Correctional Officer Getman was negligent in supervising Correctional Officer Higgins. N.C. Gen. Stat. § 143-291 et seq.
2. Higgins' decision to not allow the plaintiff to have a meal was an intentional act. Therefore, the Industrial Commission has no jurisdiction and is without authority to determine this claim.See, Davis v. N.C. State Hwy. Comm'n, 271 N.C. 405,156 S.E.2d 685 (1967).
***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. The plaintiff's claim is denied.
2. Each side shall bear its own costs.
This the ___ day of September 1999.
S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
LKM/jth