The Full Commission has carefully considered the briefs and arguments of counsel and based upon the record in this matter, affirms the Order of the Deputy Commissioner and finds that this claim is not properly before the Commission for the following reasons.
Plaintiff, a ferry worker, was injured in the course and scope of his employment when he slipped on the deck of a ferry operated by the North Carolina Department of Transportation. Plaintiff brought a workers compensation claim which was settled by a compromise settlement agreement between the parties approved by the Commission on 25 September 1997.
Plaintiff also brought this claim under the Jones Act ( 46 U.S.C. § 688b), a federal statute covering injuries to seamen. Plaintiff asserts that a Jones Act claim may be brought under the North Carolina Tort Claims Act. A Jones Act claim against the state cannot be brought in federal or state courts of general justice due to the states sovereign immunity under the Eleventh Amendment to the United States Constitution. Welch v. Texas Dept. of Highways and Public Transp.,483 U.S. 468, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987).
Plaintiff argues that a Jones Act claim may be brought against the state under the North Carolina Tort Claims Act due to the states waiver of sovereign immunity under this Act. Defendant contends that the Industrial Commission does not have jurisdiction over a Jones Act claim and further that a Jones Act claim cannot be brought under the Tort Claims Act.
The Jones Act is a federal statute that applies to injuries to seamen which occur while on navigable waters. 46 U.S.C. § 688b (1982). The Act applies the standard of comparative negligence. 45 U.S.C. § 53. The North Carolina Tort Claims Act applies to claims that result from the negligence of state employees under circumstances where the state, if a private person, would be liable to the claimant. N.C. Gen. Stat. 143-291(a) (1996). The Tort Claims Act uses the standard of contributory negligence and therefore bars any claim by a plaintiff who contributes to his injury. Id. The North Carolina Supreme Court has held that recovery under the Tort Claims Act "must be by common law action. Givens v. Sellars,273 N.C. 44 at 50, 159 S.E.2d 530 at 536 (1968).
The Full Commission finds that this claim is not properly before the Industrial Commission. The North Carolina Department of Transportation is an agency of the state and cannot be sued except as provided by statute and may be sued in tort only as authorized by the Tort Claims Act. Davisv. Highway Commission, 271 N.C. 405, 156 S.E.2d 685 (1967). Although granted jurisdiction to hear claims brought under the North Carolina Tort Claims Act, the General Assembly has not waived sovereign immunity for Jones Act claims and therefore has not granted the Industrial Commission jurisdiction over Jones Act claims. See, Welch v. Texas Dept. of Highwaysand Public Transp., 780 F.2d 1268 (5th Cir. 1986), affirmed, 483 U.S. 468,107 S.Ct. 2941, 97 L.Ed.2d 389 (1987). Furthermore, statutes authorizing suit against the state or a state agency are in derogation of the principle of sovereign immunity and are to be strictly construed. TeerCo. v. Highway Commission, 265 N.C. 1, 143 S.E.2d 247 (1965).
IT IS THEREFORE ORDERED that plaintiffs claim is hereby DISMISSED for lack of subject matter jurisdiction.
This the ___ day of May 2001.
 S/________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/____________________ THOMAS J. BOLCH COMMISSIONER
S/____________________ RENE C. RIGGSBEE COMMISSIONER