***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Chapman. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order.
 ***********
Based upon the evidence of record, the Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On March 27, 1999 plaintiff was an inmate in Central Prison. He complained about a roach problem in his cell. Plaintiff testified that at that point he was removed from the cell and intentionally beaten by numerous correctional officers including Sgt. Kimber, Officer Beasley, and Nurse Daniels. Plaintiff had wanted two inmate witnesses, Tony Langey and Samuel Leach, present at the hearing before the deputy commissioner to confirm these assaults, but the writs had not been issued for these inmates. Defendant agreed that if these two inmates were present they would testify that plaintiff was intentionally assaulted. Defendant stated that by agreeing to such stipulation, it was not agreeing that the two inmates' testimonies were truthful, only that they would testify as such.
2. Plaintiff presented no medical evidence that he sustained any injury, as a result of the above incident. Plaintiff's subjective complaints of pain were the only evidence of damages presented in this matter.
3. Plaintiff presented no evidence as to other allegations or alleged negligent employees that were contained in his affidavit.
4. At the close of plaintiff's evidence, defendant requested that the deputy commissioner rule upon its pending motion that this case be dismissed because it only alleged intentional acts not negligent acts. The only acts testified to by plaintiff were clearly and without questions allegedly intentional assaults upon plaintiff by DOC personnel.
5. After the dismissal of this matter, Officer Beasley was allowed to testify for the record that he did not assault plaintiff.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 CONCLUSION OF LAW
1. In a state tort claim, a plaintiff may not recover damages for wrongful and intentional acts. N.C. Gen. Stat. § 143-291. Recovery is limited only to negligent acts. Davis v. N.C. State Highway Commission,271 N.C. 405, 156 S.E.2d 685 (1967); Jenkins v. N.C. Department of MotorVehicles, 244 N.C. 560, 94 S.E.2d 577 (1956).
2. Defendant's motion to dismiss has merit, and should be granted. The plaintiff presented no evidence of negligent acts, only intentional assaults.
3. Plaintiff, having presented no evidence as to any other allegations contained in his affidavit, is not entitled to judgment as to those persons and incidents. No negligence is found as to any other state employee named or action complained of in plaintiff's affidavit.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's tort claim is DENIED and DISMISSED WITH PREJUDICE. Plaintiff has failed to present any claim of negligence on the part of defendant.
Each side shall pay its own costs.
This the 14th day of October 2002.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_____________ THOMAS J. BOLCH COMMISSIONER