***********
The undersigned have reviewed the prior Decision and Order based on the record of the proceedings before Chief Deputy Commissioner Gheen. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order; therefore, the Full Commission AFFIRMS the Decision and Order of the Deputy Commissioner.
 ***********
Based on the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Autry filed a number of civil actions, including the above captioned case, in File Nos.: TA-15748, TA-15830 and TA-15928.
2. On March 16, 2001, an Order was entered consolidating the above captioned case with the cases designated in Paragraph 1.
3. Despite the Order of Consolidation, the civil actions in Paragraph 1 were Dismissed With Prejudice by the Full Commission. The adjudication in these cases is final. The present civil action was not heard or decided on a consolidated basis.
4. Autry was incarcerated by the Defendant (hereinafter "NCDOC") on August 3, 2000. Autry alleges that NCDOC Correctional Officers were "negligent" in failing to process his US Mail to him in accordance with NCDOC procedures.
5. Autry indicated at a pretrial conference that the acts of the Correctional Officers were deliberate in all respects.
6. NCDOC properly filed a Motion To Dismiss.
7. The Court advised Autry of the difference between "negligence" and "intentional acts" within the context of the State Tort Claims Act. The Court advised Autry that he could proceed to trial or enter a Voluntary Dismissal Without Prejudice. Autry declined to take a Voluntary Dismissal Without Prejudice.
8. Based upon the undisputed evidence presented at the pretrial conference, NCDOC officers and agents deliberately did not process US Mail addressed to Autry because of security concerns.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
In a state tort claim, Autry may not recover damages for wrongful and intentional acts. N.C. Gen. Stat. § 143-291. Recovery is limited only to negligent acts. NCDOC's motion to dismiss has merit and should be granted. Autry presented no evidence of negligent acts, only intentional acts in intercepting his mail due to NCDOC's security concerns. Davis v.N.C. State Highway Commission, 271 N.C. 405, 156 S.E.2d 685 (1967);Jenkins v. N.C. Department of Motor Vehicles, 244 N.C. 560, 94 S.E.2d 577
(1956).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission AFFIRMS the holding of the Chief Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Autry was permitted to proceed in pauperis.
This the ___ day of July 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISIONER