***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Chief Deputy Commissioner Gheen. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Decision and Order.
 ***********
Based upon the evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. A hearing on plaintiff's tort claim was held on April 26, 2004 before the deputy commissioner.
2. Plaintiff is an inmate in the North Carolina Department of Correction.
3. Plaintiff filed a Tort Claim with the North Carolina Industrial Commission alleging negligence on the part of "Sergeant Crumpler, Sergeant Alston, and Lieutenant Mitchell" of the North Carolina Department of Correction.
4. Plaintiff alleged and testified that his personal property, in the form of an art catalogue magazine and a drawing, were confiscated and destroyed by the North Carolina Department of Correction on or about February 8 and 9, 2003.
5. Sergeant Austin testified that the magazine and drawing were confiscated because they showed exposed body parts.
6. Sergeant Austin testified regarding the policy in effect at that time plaintiff's property was confiscated, NCDOC Exhibit #2, Notice to All Inmates — Policy Implementation which states "[e]ffective on January 31, 2002, no inmates will be allowed to have in their possession sexually explicit materials as defined by this policy."
7. Sergeant Austin and other NCDOC personnel consulted regarding plaintiff's magazine and drawing and determined that it violated NCDOC policy and was contraband.
8. NCDOC officers deliberately confiscated plaintiff's magazine and drawing because it violated NCDOC policy.
9. Plaintiff's magazine and drawing were sent to an address specified by plaintiff and plaintiff signed a DC-160 personal property inventory showing this action.
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation and all other departments, institutions and agencies of the State. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v. N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898,900 (1988).
2. In a state tort claim plaintiff may not recover damages for intentional acts. N.C. Gen. Stat. § 143-291. Recovery is limited only to negligent acts. Plaintiff presented no evidence of negligent acts, only intentional acts in confiscating his magazine and picture according to NCDOC policy. Davis v. NC State Highway Commission, 271 N.C. 405,156 S.E.2d 685 (1967).
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 16th day of February 2005.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN
DCS/llc