***********
The Full Commission reviewed the prior Decision and Order based upon the record of proceedings before Deputy Commissioner Holmes. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Therefore, the Full Commission affirms the Decision and Order with minor modifications.
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. A hearing on the plaintiff's (hereinafter "Ivey" Tort Claim) was held on February 6, 2008.
2. Ivey is an inmate in the N.C. Department of Corrections. *Page 2 
3. Ivey filed a Tort Claim with the North Carolina Industrial Commission alleging that Juanita Stewart, RN, a nurse at Johnson Correctional Institution, failed to provide him his prescribed medication, Diclofenac 75 mg. beginning in August 2005.
4. Ivey alleged and testified that there were delays in receiving his prescribed medication. He did not testify that Nurse Stewart terminated his prescription.
5. Ivey filed a grievance under the Administrative Procedure of the Division of Prisons, Department of Correction, on October 6, 2005 stating that his prescribed medication was used up on September 16, 2005 and that he had requested a refill 10 days earlier but he had not yet received his medication.
6. In response to the grievance, Head Nurse Bonnie Field, RN, responded that the Physician Assistant had ordered Ivey's medication on a routine basis for 3 months. The medication was prescribed on an as needed basis and the Prison Pharmacy would only provide the medication on 15-day basis. Ivey signed the Step One response, indication that he agreed with the response and did not appeal.
7. Ivey's medical records are replete with prescriptions orders for 2005 and 2006. The Department of Correction Inmate Self-Modification Dispensary Form shows that from July 2005 through at least June 2006. The form lists the prescriptions for Ivey, including the date of the Order, the expiration date of the prescription, the date that the medication was issued and the refill date. Each entry is signed by Ivey.
8. There was no evidence that Nurse Supervisor Stewart denied plaintiff any medication. The evidence is that medication was provided in accordance with Prison policy. *Page 3 
9. There is no credible evidence of negligence on the part of Nurse Stewart or any other Department of Correction employee negligently failed to provide him with his prescribed medication.
 ***********
Based on the foregoing Findings of Fact, the Full Commission concludes as follows:
1. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. In a State Tort Claim, Ivey may not recover damages for intentional acts. Acting according to agency public policy is an intentional action. N.C. Gen. Stat. § 143-291. Recovery is limited only to one's negligent acts. Ivey presented no evidence of negligent acts, only intentional acts issuing medication according to N.C. Department of Correction policy. Davis v. N.C. State Highway Commission, 271 N.C. 405,156 S.E.2d 685 (1967).
4. The plaintiff has failed to prove negligence by the North Carolina Department of Correction and even if he had, he failed to show how he was damaged by said negligence.
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
1. Ivey's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Ivey was permitted to file this civil actionin forma pauperis.
This the 26th day of January 2009.
S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1