OLIVER G. RAND AND WADE A. GARDNER, COMMISSIONERS, V. WILSON COUNTY; J. T. BOYETTE, TAX COLLECTOR OF WILSON COUNTY; AND K. J. HERRING, AUDITOR AND TREASURER OF WILSON COUNTY.

(Filed 2 November, 1955.)

**1. Pleadings § 23—**

Where it is admitted on appeal that the judgment in question was a consent judgment, motion on appeal for permission to amend the complaint to allege that the judgment was a consent judgment may be allowed.

**2. Taxation § 26½—**

The listing of land in the name of the estate of the deceased owner is a void listing. G.S. 105-301 (3).

**3. Same—**

Where land has been improperly listed for taxation, the tax listing authorities have authority to list the property properly for taxation for the five years next preceding the date the taxes due are tendered. G.S. 105-331 (3).

**4. Judgments § 3½—**

A consent judgment is to be construed in the same way as if the parties had entered into the contract by a writing duly signed and delivered.

**5. Parties § 1—**

Where a consent judgment directs named persons to sell and convey land, to collect the proceeds, to pay the taxes lawfully due, and to distribute the balance as directed, the persons named are trustees of an express trust within the purview of G.S. 1-63, notwithstanding that the judgment denominates them as commissioners.

**6. Judgments § 3½ : Taxation § 38c—**

A consent judgment directed trustees named therein to pay taxes lawfully due. The land in question had not been properly listed for more than five years. *Held:* The trustees could not tender the taxes lawfully due for the five years next preceding the tender, but were compelled to pay the amount demanded by the county and then sue to recover so much of the amount as was not lawfully due, G.S. 105-267, and the contention that the judgment authorized them to pay only the taxes due is untenable.

**7. Taxation § 38c: Parties § 1—**

Trustees of an express trust who have been required to pay taxes on the property not lawfully due are authorized to maintain an action for the recovery of the taxes not lawfully due without the joinder of the beneficial owners of the property. G.S. 1-63.

**8. Same: Pleadings § 19b—**

A suit to recover taxes paid under protest is not subject to demurrer for misjoinder of causes of action, notwithstanding that the suit is to recover the accumulation of taxes over a number of years.

APPEAL by plaintiffs from *Nimocks, J.,* May Term, 1955, WILSON. Reversed.

Civil action to recover taxes on real property, paid by plaintiffs under protest.

Sometime prior to October 1953, Herbert Farmer and others instituted an action against H. H. Hutchinson and others to try title to the real property described in the complaint. On 17 October 1953, a consent judgment was entered in which the plaintiffs were appointed commissioners (1) to sell the land in controversy, (2) to pay out of the proceeds of sale all taxes lawfully assessed against the property, and (3) to distribute the remaining proceeds as provided in the judgment.

On 13 February 1954, the plaintiffs, having made sale of the land, paid to the defendant County all arrearages of taxes claimed by the County to be due and payable which included taxes for the years 1931 through 1949. The payment was made under protest, and within ninety days thereafter the plaintiffs instituted this action, 20 July 1954, to recover the taxes paid for the years 1931 through 1949 in the sum of $2,238.78.

The defendants appeared and demurred to the complaint on four grounds, to wit: (1) plaintiffs are not the real parties in interest; (2) the plaintiffs have no legal capacity to sue; (3) there is a misjoinder of causes; and, (4) the plaintiffs have joined in one action a number of causes of action but have failed to set forth such causes of action separately. The demurrer was sustained, and plaintiffs excepted and appealed.

*Lucas, Rand & Rose and Gardner, Connor & Lee, Cyrus F. Lee for plaintiff appellants.*

*Luke Lamb for Wilson County, defendant appellee.*

BARNHILL, C. J. The complaint does not allege specifically that the judgment entered in the action to try title to the lands described in the complaint was in effect a judgment by consent. Reference is made thereto as such in the briefs filed in this Court, and it was admitted during the oral argument that said judgment was in fact a consent judgment. Therefore, the motion entered by the plaintiffs in this Court for permission to amend the complaint to allege that said judgment was a consent judgment is allowed.

It is alleged in the complaint that the property described therein was listed for the years 1931 through 1949 in the name of "M. S. Hutchinson Estate." This was a void listing. Hence we must discuss the question here presented as if the property had not been listed for taxation

for the period in question. *Morrison v. McLauchlin,* 88 N.C. 251; *Wake County v. Faison,* 204 N.C. 55, 167 S.E. 391; G.S. 105-301 (3).

The tax listing authorities of Wilson County were authorized to list properly the property for taxation for the five years next preceding the date the tender of taxes due was made, G.S. 105-331 (3), *Lawrence v. Comrs. of Hertford,* 210 N.C. 352, 186 S.E. 504, so that when the plaintiffs tendered to the County or offered to pay the taxes "lawfully due" on the property, there were then legally due and collectible taxes for the preceding five years. The question here presented is this: Did the plaintiffs have the right to pay the taxes demanded by the County and then maintain an action for the recovery of all taxes paid in excess of the amount "lawfully due?"

A consent judgment is the contract of the parties entered upon the records with the approval and sanction of the court. It is to be construed in the same way as if the parties had entered into the contract by writing duly signed and delivered. *Bunn v. Braswell,* 139 N.C. 135; *Spruill v. Nixon,* 238 N.C. 523, 78 S.E. 2d 323; *McRary v. McRary,* 228 N.C. 714, 47 S.E. 2d 27; *Houghton v. Harris,* and cases cited, *post,* p. 92.

While the contract of the parties in the solemn form of a judgment refers to plaintiffs as commissioners, they were and are in fact trustees of an express trust within the meaning of G.S. 1-63. By the judgment they were directed, and it was their duty, (1) to sell and convey the land, (2) to collect the proceeds, (3) to pay the taxes lawfully due, and (4) to distribute the balance, after the payment of taxes, as directed in the judgment.

It is argued that plaintiffs were authorized to pay only taxes lawfully due. But under our statute they had no alternative other than to proceed as they did. They could not tender the taxes lawfully due for the five years next preceding the tender. They were compelled to pay the amount demanded by the County and then to sue for the recovery of so much of the amount paid as was not lawfully due. G.S. 105-267.

Aside from the express provisions of the judgment, upon the sale of the property it became their duty to pay the taxes assessed or assessable against the property sold. *Holt v. May,* 235 N.C. 46, 68 S.E. 2d 775; G.S. 105-408.

We conclude, therefore, that the plaintiffs, being trustees of an express trust, are authorized by G.S. 1-63 to maintain this action without the joinder of the beneficial owners of the property.

The demurrer cannot be sustained for the misjoinder of causes of action. The subject matter of the suit is the amount paid in excess of taxes for five years next preceding the payment. It is this excess pay-

ment that plaintiffs seek to recover. That it represents the accumulation of taxes over a number of years is immaterial.

The other grounds for demurrer set forth in the demurrer filed are without substance.

The judgment entered in the court below is

Reversed.