## LANDRUM A. PHILLIPS AND AMERICAN SECURITY INSURANCE COMPANY v. JAMES R. ALSTON.

(Filed 23 May 1962.)

**1. Appeal and Error § 22—**
    · Where, in a trial by the court, there are no exceptions to the court's findings, the findings are presumed supported by competent evidence and are binding on appeal.

**2. Appeal and Error § 49—**
    Upon trial by the court, an exception on the ground that there was no evidence or findings to support the court's conclusions of law is, in effect, a contention that the court should have nonsuited plaintiff, and the question of nonsuit, either on the ground of the insufficiency of plaintiff's evidence or on the ground that the evidence established an

affirmative defense as a matter of law, is not reviewable when the evidence is not in the record.

**3. Appeal and Error § 19—**

An assignment of error must be supported by an exception.

**4. Insurance § 53—**

Payment by the insurer to the insured subrogates insurer *pro tanto* to insured's claim against the *tort-feasor* causing the damage; where insurer pays the full damages it is subrogated to the entire right of action and alone may sue, if the sum paid is partial compensation of the damages the injured party is a necessary party to the action and insurer is a proper party, while if the insured refuses to bring the action, insurer may bring it and join insured as a defendant.

**5. Same;  Insurance § 62½—**

Where insurer for defendant obtains a release from plaintiff with knowledge that plaintiff's insurer had paid plaintiff a sum for property damage, the release will not bar plaintiff's insurer from recovery on its subrogated claim, since the release will be construed as an adjustment only of those damages not compensated for by plaintiff's insurer.

**6. Same—**

Where defendant relies upon a release from plaintiff obtained by defendant's insurer as precluding action by plaintiff's insurer to recover on its subrogated claim for the amount paid by it to plaintiff under its policy contract with plaintiff, defendant may not assert that his insurer was without authority to obtain the release, since by asserting rights resulting from the settlement he ratified it, and by accepting its benefits is estopped to reject its obligations.

APPEAL by defendant from *Clark (Edward B.)*, S.J., February 1962 Term of CUMBERLAND.

Plaintiff Phillips, owning a 1959 Ford automobile, insured it against casualty with American Security Insurance Company (hereafter insurer). The insured automobile was damaged on 15 May 1960 when struck in the rear by a Studebaker automobile owned and operated by defendant. Damage amounting to $490 was done the Ford by the collision. This action was brought as a small claim (G.S. 1-539.3) to recover that sum. Plaintiffs allege: The collision was caused by the negligence of defendant particularized in the complaint; insurer had, by reason of its policy provisions, paid to its insured, plaintiff Phillips, the sum of $390, and was, because of such payment, the real party in interest. Judgment in the sum of $490 was prayed.

Defendant denied the asserted negligence. As additional defenses he pleaded negligence of plaintiff Phillips and a release executed by Phillips and his wife to defendant for the sum of $3,100, releasing defendant and his wife "from all claims and demands, actions and causes of action, damages, cost, loss of service, expenses and compensation on account of, or in any way growing out of bodily injuries and property damages" resulting from the collision.

A jury trial was waived. The court found: Phillips was operating his automobile at a lawful and prudent rate of speed in a southerly direction on a rural road intersected by another rural road; plaintiff gave notice of his intention to make a left turn; defendant operated his automobile at a greater rate of speed than was prudent under the circumstances and conditions then existing; he passed a Chevrolet, following and approximately sixty feet to the rear of the Ford; when the Studebaker approached the Ford, plaintiff's vehicle had then crossed the center line of the road; defendant then sounded his horn; plaintiff pulled to his right and back into his righthand lane; defendant then pulled back into his righthand lane to avoid colliding with a truck coming from the opposite direction and ran into the rear of the Ford, causing damage in the sum of $490 to the Ford. Based on these findings the court concluded (a) defendant operated his vehicle at a greater speed than was reasonable and prudent under existing conditions, in violation of G.S. 20-141(a), (b) defendant failed to maintain and keep a proper lookout, (c) defendant failed to keep his automobile under proper control, (d) defendant attempted to pass two vehicles traveling in the same direction when it was unsafe to do so, (e) the negligence of defendant was the sole proximate cause of the collision and damage to the Ford.

The court found insurer paid Phillips the sum of $390 pursuant to the provisions of its policy. It also found defendant's liability insurance carrier paid the sum of $3,100 for a release executed by plaintiff Phillips and his wife; "that said $3,100.00 sum was compensation to Landrum A. Phillips' wife for personal injuries sustained in the collision of the two vehicles and for hospital expenses thereby incurred; that this Court finds as a fact that said release and settlement of claim in favor of the defendant and his wife is a bar to any property damage or personal injury claim by the plaintiff Landrum A. Phillips in this matter; that at the time of the payment of the aforesaid $3,100, the adjuster for defendant's insurance carrier was on notice of the subrogation rights of American Security Insurance Company, and that this knowledge of said adjuster is imputed to defendant . . ." Based on these findings the court concluded that the release executed by plaintiff Phillips was not a bar to the claim of plaintiff insurer.

Based on its findings and conclusions the court entered judgment that plaintiff Phillips take nothing; that plaintiff insurance company recover the sum of $390 and costs. Defendant appealed.

*Tally, Tally, Taylor & Strickland by Nelson W. Taylor and Jesse M. Henley, Jr., for defendant appellant.*

*No counsel contra.*

RODMAN, J.  Defendant does not except to the facts found by the court. He merely excepts to the conclusions declared to result from the facts found. Illustrative: The court found defendant was operating his automobile "at a greater rate of speed than was prudent under the circumstances and conditions then existing." No exception was taken to this finding. Based on the finding the court concluded defendant had violated the provisions of G.S. 20-141(a). Defendant's first exception is to this conclusion. His exceptions 2, 3, 4, and 5 are similar in character.

Defendant says in his brief: "There is no evidence or finding of fact by the court below to support the finding of negligence on the part of defendant or that any such negligence was the cause of the accident." In effect his argument is that the court should have nonsuited the case. The record does not disclose that such motion was made. The evidence was not included in the case on appeal and brought forward in the record. In the absence of exceptions, the findings are presumed to be supported by competent evidence and are binding on appeal. *Stancil v. Stancil*, 255 N.C. 507, 121 S.E. 2d 882.

Defendant is without exception to support his assertion that the evidence shows as a matter of law that plaintiff was contributorily negligent. If such an exception had been taken we would be unable to pass on the merit of the exception because the evidence is not before us.

Defendant argues the release executed by Phillips is a bar to insurer's right to recover. Defendant is bound by the factual finding that the adjuster, who paid for and took the release, knew that insurer had paid Phillips $390 as it was obligated to do under its policy of insurance.

The question for decision is: Does the release taken by defendant's agent bar insurer's right to recover? The answer is no.

When an insurer of property pays the insured the sum fixed by the policy, he is, to the extent of the payment, subrogated to insured's claim against a *tort-feasor* who caused the damage. *Winkler v. Amusement Co.*, 238 N.C. 589, 79 S.E. 2d 185. If the sum paid covers the entire loss, the insurer is subrogated to the entire right of action against the *tort-feasor*. It alone can maintain the action. *Smith v. Pate*, 246 N.C. 63, 97 S.E. 2d 457; *Cunningham v. R.R.*, 139 N.C. 427.

When the sum paid is only partial compensation, the owner is a necessary party to an action against a *tort-feasor*. If he desires full compensation for his loss, he should bring the suit. If he refuses, insurer may sue, making the owner a party defendant. The *tort-feasor* is entitled to have the amount of damage determined in one action. Where only partial compensation is paid, insurer is not a necessary

but a proper party. *Burgess v. Trevathan,* 236 N.C. 157, 72 S.E. 2d 231; *Smith v. Pate, supra.*

While a *tort-feasor* is entitled to have the total damage ascertained in one action, he cannot, when he has knowledge of insurer's rights by virtue of its payment to the owner, defeat those rights by making payment to and taking a full release from the owner. The payment so made and release taken will be construed as a mere adjustment of the uncompensated portion of the loss. Insurer may then assert its right against the *tort-feasor. Cunningham v. R.R., supra; Powell v. Water Co.,* 171 N.C. 290 (297), 88 S.E. 426; *Underwood v. Dooley,* 197 N.C. 100, 147 S.E. 686; *Hamilton Fire Ins. Co. v. Greger,* 158 N.E. 60, 55 A.L.R. 921; *City of New York Ins. Co. v. Tice,* 152 P. 2d 836, 157 A.L.R. 1233; *United Pacific Insurance Co. v. Schetky Equipment Co.,* 342 P. 2d 766; *Pennsylvania Fire Insurance Company v. Harrison,* 94 So. 2d 92; 29A Am. Jur. 810-811; 46 C.J.S. 155.

Defendant contends his liability insurance carrier was without authority to act for him in making the settlement with and taking a release from Phillips. He cites in support of this position *Beauchamp v. Clark,* 250 N.C. 132, 108 S.E. 2d 535, and *Lampley v. Bell,* 250 N.C. 713, 110 S.E. 2d 316. He misapprehends the purport of those decisions. True, a liability carrier cannot impair the rights of the insured by settling his claim without his authority. No suggestion is made here that defendant lost any rights by the settlement. To the contrary he asserts rights resulting from the settlement. When he does so, he ratifies the act of the person making the settlement. He cannot accept the benefits and reject the obligations.

No error.