### NATIONWIDE MUTUAL INSURANCE COMPANY v. ROGER M. SPIVEY AND BONNIE M. SPIVEY.

(Filed 14 June 1963.)

**Insurance § 53—**

> A settlement between the tort feasor and insured for personal injuries to insured and for that part of the property damage to insured's car not covered by the insurance, with knowledge of the tort feasor that insurer had paid insured for the property damage less $100 deductible under the policy, and that the settlement did not include insurer's subrogated claim, *held* not to bar insurer's subsequent action against the tort feasor to recover on the subrogated claim, and the fact that the tort feasor's settlement with insured was by consent judgment does not alter this result.

APPEAL by plaintiff from *Hobgood, J.,* January 1963 Civil Term of ROBESON.

Defendant demurred to the complaint for that it failed to state a cause of action. The demurrer was sustained and the action dismissed. Plaintiff appealed.

*John W. Campbell for plaintiff appellant.*
*Henry & Henry for defendant appellees.*

RODMAN, J. The facts alleged, summarily stated, are: Plaintiff insured the Chevrolet automobile of James C. Hardee against damage by collision; the policy obligated plaintiff to pay any loss in excess of $100; the Chevrolet was, on 27 February 1961, in a collision with an automobile operated by defendant Roger Spivey as the agent of defendant Bonnie M. Spivey; Hardee sustained personal injuries in the collision and the insured automobile was damaged to the extent of $534; the collision was caused by the negligence of defendant Roger Spivey; plaintiff, on 7 April 1961, complying with its policy provision, paid its insured $434 on account of the damage to the automobile and took from him a release and assignment of his claim to the extent of the amount paid; defendants were notified of the payment and assignment so made; in December 1961 Hardee instituted an action against defendant Spivey to recover for personal injuries sustained by him and for the $100 uncompensated loss to the automobile, therein specifically alleging the payment which plaintiff had made to him as required by its policy of insurance and waiving any right to recover the sum which he had received from plaintiff; a consent judgment was entered in said action, settling the claims there asserted by Hardee against defendants.

Unless defendants have succeeded in escaping liability by settling with Hardee, the facts alleged and admitted by the demurrer impose liability on defendants to pay full compensation for the loss resulting from their tortious conduct.

The rights of insured and insurer, paying the loss in whole or in part, and how those rights may be enforced are stated in *Burgess v. Trevathan,* 236 N.C. 157, 72 S.E. 2d 231. What is there said is, we think, universally recognized as a correct statement of the law. Defendants rely on the fourth proposition there stated as the basis for the demurrer and the judgment sustaining it. Ervin, J., said: "4. Where the insurance paid by the insurance company covers only a portion of the loss, the insured is a necessary party plaintiff in any action against the tort-feasor for the loss. The insured *may recover* judgment against the tort-feasor in such case for the full amount of the loss without the joinder of the insurance company. He holds the proceeds of the judgment, however, as a trustee for the benefit of the insurance company to the extent of the insurance paid by it. The reasons supporting the rule stated in this paragraph are that the legal title to the right of action against the tort-feasor remains in the insured for the entire loss, that the insured sustains the relation of trustee to the insurance company for its proportionate part of the recovery, and that *the tort-feasor cannot be compelled against his will to defend two actions for the same wrong.*" (Emphasis supplied.)

The language used is an accurate statement of the law. It does not, however, as defendant contends, require an affirmance of the judgment sustaining the demurrer. It should be noted, as we have done by italicizing, that Judge Ervin says the insured *may* recover, not that he *must* recover, the full loss. True the tort-feasor cannot be compelled against his will to defend two actions for the same wrong. His remedy, if sued by the injured party for the uncompensated portion of the loss and he wishes to settle the entire controversy in one action, is to require a determination of the entire damage to the motor vehicle. To accomplish that purpose he would be entitled to have the insurance carrier made a party.

The law as stated by Judge Ervin in *Burgess v. Trevathan, supra,* had been similarily stated some thirty-six years prior thereto by Allen, J., in *Powell v. Water Co.,* 171 N.C. 290, 88 S.E. 426, cited with approval in *Burgess v. Trevathan, supra. Powell v. Water Co., supra,* dealt with a factual situation for all practical purposes identical with the facts here alleged. There Judge Allen quotes from 19 Cyc. 895: " 'After the loss has been paid by the company, the wrong-doer, having knowledge of the fact, cannot make settlement with the insured for the loss, his liability being to the company to the extent of the insurance paid.' ", and supplements this statement of the law by quotations from *Hart v. R.R.,* 54 Mass. 100; *Swarthout v. R.R.,* 49 Wis. 628, and *Insurance Co. v. Hutchinson,* 21 N.J. Eq. 117.

It is said in 46 C.J.S. 179, cited with approval in *Burgess v. Trevathan, supra*: "After the loss has been paid by the insurer, or the insurance is in the process of adjustment, a third person, having knowledge of the fact, cannot make settlement with insured for the loss, his liability being to insurer to the extent of the insurance paid; and if a third person makes such settlement it is no defense to a suit by insurer against him."

The right of a tort-feasor to defeat the claims of an insurer who has been subrogated to the rights of its insured was again considered in *Phillips v. Alston,* 257 N.C. 255, 125 S.E. 2d 580. We there reaffirmed the conclusion reached in *Powell v. Water Co., supra,* that the tort-feasor who has knowledge of insurer's rights cannot, by settling with claimant for the rights remaining in him, defeat the insurer's rights. 29A Am. Jur. 810-811.

The fact that the right remaining in the insured for which he sought compensation was disposed of by a consent judgment can make no difference. Such a judgment is a contract and must be interpreted as other contracts. *Owens v. Voncannon,* 251 N.C. 351, 111 S.E. 2d 700; *Ijames v. Swaim,* 248 N.C. 443, 103 S.E. 2d 507; *Rand v. Wilson County,* 243 N.C. 43, 89 S.E. 2d 779.

To hold that an insured seeking only his uncompensated loss defeats the rights of his insurer by settling that claim with a tort-feasor who has knowledge of insurer's claim would make an innocent insured an instrumentality in the perpetration of a fraud on his insurer. *Fire Ass'n. of Philadelphia v. Wells*, 94 A 619, Ann. Cas. 1917A 1296. If the tort-feasor acts in good faith and without knowledge of any injustice which would result from a settlement, he is of course protected; but he is not protected when both he and the injured party understand that he is only paying for the portion of the damage for which the injured party has not received compensation.

Reversed.