## NATIONWIDE MUTUAL INSURANCE COMPANY v. CANADA DRY BOTTLING COMPANY.

(Filed 23 November, 1966.)

**1. Pleadings § 24—**

Where order overruling demurrer to an amended complaint recites that the amended complaint, which was filed in apt time, was with leave of the court, and the recital in the order is not challenged, defendant may not thereafter contend that his motion to strike the amended complaint should have been allowed because no motion for leave to amend had been made as required by G.S. 1-131.

**2. Appeal and Error § 3—**

Where a motion to strike a further answer and defense amounts to a demurrer thereto, the order allowing the motion is immediately appealable.

**3. Pleadings § 34—**

A motion to strike allegations constituting an entire defense amounts to a demurrer to such defense and requires that the allegations be taken as true.

**4. Insurance § 53—**

Where the owner's insurer pays the owner damages, less a stipulated deduction, inflicted by the negligence of another and the insurer is subrogated *pro tanto* to the rights of the owner against the tort-feasor, a compromise agreement in an action by the owner against the tort-feasor, even though embodied in a consent judgment, does not preclude the insurer from suing the tort-feasor on its subrogated claim when at the time of entering the consent judgment the tort-feasor has knowledge of the payment of the claim by the insurer and its right to subrogation.

**5. Judgments § 30—**

Since a consent judgment is but a contract between the parties entered upon the records with the sanction of the court, the matters concluded by such consent judgment must be determined by the construction of the judgment as a contract.

APPEAL by defendant from orders entered by *Martin, Special Judge,* January 24, 1966 Civil Session, and at April 25, 1966 Civil Session, of BUNCOMBE.

Plaintiff (Nationwide) instituted this action and filed its com-

plaint on May 4, 1965. Defendant (Canada Dry) demurred. Its demurrer was sustained by Judge Martin in an order filed August 10, 1965. On August 31, 1965, Nationwide filed an amended complaint.

The amended complaint in substance alleges: On July 10, 1962, on a street in Waynesville, North Carolina, a truck owned by Canada Dry and operated by Groome, its agent, collided with a parked automobile owned by Doris A. Wilson (Wilson). The collision and the damage to the Wilson car were caused solely by the negligence of Groome while operating Canada Dry's truck as its agent. Under an insurance policy it had issued, Nationwide was obligated to Wilson for the damages to her car, less the sum of $50.00, resulting from said collision. Nationwide, in discharge of its said obligation, paid to Wilson the sum of $439.14, and became subrogated to her rights against Canada Dry. Nationwide prayed that it recover from Canada Dry the sum of $439.14, attorney fees and costs.

On September 30, 1965, Canada Dry filed (1) a motion to strike the amended complaint and dismiss the action "because a Demurrer to the plaintiff's cause of action has heretofore been sustained," and (2) a demurrer to the amended complaint.

Judge Martin, by order filed January 28, 1966, denied Canada Dry's motion to dismiss and overruled its demurrer to amended complaint. This order recites: "and the Court finding that the Plaintiff filed an amended Complaint on the 31st day of August, 1965, and with leave of Court . . ." It was ordered that Wilson be made a party to this action. (Note: The record does not show she has been made a party by service of process or otherwise.) Defendant filed exceptions to this order.

On February 25, 1966, Canada Dry answered the amended complaint. As a first further answer and defense, it pleaded the three-year statute of limitations. Its second further answer and defense, consisting of paragraphs 1-14, inclusive, will be summarized in the opinion.

Judge Martin, by order filed July 18, 1966, (1) denied Nationwide's motion to strike Canada Dry's first further answer and defense and (2) allowed its motion to strike paragraphs 1-14, inclusive, of the second further answer and defense.

On appeal, Canada Dry's assignments of error are based on its exceptions to Judge Martin's order of January 28, 1966, *and* on its exceptions to Judge Martin's order of July 18, 1966.

*Williams, Williams & Morris and J. N. Golding for plaintiff appellee.*

*Roy W. Davis, Jr., and Van Winkle, Walton, Buck & Wall for defendant appellant.*

BOBBITT, J. Canada Dry asserts the court erred (1) in overruling, by the order of January 28, 1966, its motion to strike the amended complaint and dismiss the action, and (2) in striking, by the order of July 18, 1966, its alleged second further answer and defense.

Canada Dry contends Nationwide made no motion for leave to amend within thirty days after Judge Martin's order of August 10, 1965, as provided in G.S. 1-131. The amended complaint was filed August 31, 1965. The exceptions to Judge Martin's order of January 28, 1966, do not challenge the recital to the effect leave to amend had been granted. All of the successive hearings were before Judge Martin. Under these circumstances, defendant's exception to that portion of Judge Martin's order of January 28, 1966, in which he denied defendant's motion to strike the amended complaint and dismiss the action, is considered unsubstantial and without merit. Hence, said order will not be disturbed.

Nationwide's motion to strike Canada Dry's second further answer and defense is in substance a demurrer thereto and will be so considered. *Mercer v. Hilliard,* 249 N.C. 725, 107 S.E. 2d 554; *Galloway v. Lawrence,* 263 N.C. 433, 139 S.E. 2d 761. Hence, the factual allegations in Canada Dry's second further answer and defense must be taken as true. *Jewell v. Price,* 259 N.C. 345, 130 S.E. 2d 668.

Canada Dry, in its second further answer and defense, alleges in substance: Nationwide paid Wilson $439.14, this being $50.00 less than their agreed evaluation ($489.14) of the damage to the Wilson car. Thereafter, on February 27, 1963, Wilson instituted an action against Canada Dry in the Superior Court of Haywood County, North Carolina, for all damages to her car, and prayed that she recover $1,300.00. Canada Dry answered, denying negligence and pleading "various defenses." Canada Dry moved that the court join Nationwide as a party to said action because of the settlement it had made with Wilson under said collision insurance policy. Upon objection by Wilson, the court in its discretion denied Canada Dry's motion. Nationwide "acquiesced in the denial of said motion." Canada Dry entered into a settlement agreement with Wilson for all damages to her car, "the same representing a compromise settlement with respect to the interests of Doris A. Wilson, the plaintiff, and this defendant." The terms of said settlement were embodied in a consent judgment. Wilson was awarded judgment against Canada Dry for $400.00 and Canada Dry was taxed with the costs. The judgment contains this provision: "That the defendant, or its agents or successors or assigns, be and it is hereby released of and from any and all claims, demands and causes of action which the plaintiff, or any person acting by, through or for her, now has or may later have

arising upon or in any way connected with the matters and things alleged in the plaintiff's complaint." Canada Dry pleads said judgment in the Haywood County suit as "a full and final bar to the cause of action now alleged by the plaintiff against this defendant."

Defendant did not allege Nationwide had knowledge or notice of the pendency of the Haywood County action unless the allegation that Nationwide "acquiesced in the denial of said motion" is accepted as a sufficient allegation that Nationwide had such knowledge or notice. Canada Dry alleges Nationwide was not made a party to that action. Moreover, the only reasonable inference to be drawn from Canada Dry's allegations is that Nationwide did not participate in the compromise of said action set forth in said judgment. The written consent to the judgment in the Haywood County action is signed by Wilson and her attorney and by Canada Dry and its attorneys. Whether Canada Dry has paid the consent judgment in the Haywood County action is not disclosed by its pleading.

Since Canada Dry alleges it moved that Nationwide be joined as a party in the Haywood County action "because of the plaintiff's settlement with (Wilson) under said insurance policy", it appears clearly that Canada Dry had knowledge of Nationwide's subrogation rights when it negotiated the settlement with Wilson.

Wilson's right to *maintain* an action in Haywood Superior Court, without the joinder of Nationwide, for the recovery of the full amount of the damages to her car is well established. *Burgess v. Trevathan,* 236 N.C. 157, 72 S.E. 2d 231, and subsequent decisions based thereon. It is noted that Wilson sued Canada Dry to recover damages in the amount of $1,300.00. The evaluation of Wilson's damages at $489.14 was for the purpose of settlement as between Nationwide and Wilson.

The question is whether the consent judgment, setting forth a compromise settlement made by Canada Dry with Wilson, with knowledge of Nationwide's subrogation rights but without Nationwide's consent, is a bar to Nationwide's right to maintain this action. Decisions in this jurisdiction and elsewhere impel a negative answer.

In *Phillips v. Alston,* 257 N.C. 255, 125 S.E. 2d 580, Phillips and his collision insurance carrier, as coplaintiffs, alleged the insured car of Phillips was damaged in the amount of $490.00 by the negligence of Alston; and that the insurer, by reason of its policy provision, had paid to Phillips the sum of $390.00. The plaintiffs prayed for judgment in the total amount of $490.00. Alston denied negligence and pleaded as a bar the release theretofore executed by Phillips and his wife. A jury trial was waived and decision was based on the court's findings of fact, *viz.:* Phillips's insured car was

damaged by the negligence of Alston in the amount of $490.00. The insurer paid Phillips $390.00 pursuant to its obligation under its policy. Alston's insurance liability carrier paid $3,100.00 for the release. The $3,100.00 was paid as compensation to Mrs. Phillips on account of her personal injuries and hospital expenses. The release, which was executed by both Mr. Phillips and Mrs. Phillips, purported to release Alston "from all claims and demands, actions and causes of action, damages, cost, loss of service, expenses and compensation on account of, or in any way growing out of bodily injuries and property damages" resulting from the collision. When the $3,100.00 settlement payment was made and the release obtained, Alston's liability insurance carrier, which had negotiated the settlement with Mr. and Mrs. Phillips, had notice of the subrogation rights of Phillips's insurer. A judgment (1) that Phillips recover nothing, and (2) that Phillips's insurer recover $390.00 and costs, was affirmed by this Court.

Rodman, J., for this Court, said: "While a *tort-feasor* is entitled to have the total damage ascertained in one action, he cannot, when he has knowledge of insurer's rights by virtue of its payment to the owner, defeat those rights by making payment to and taking a full release from the owner. The payment so made and release taken will be construed as a mere adjustment of the uncompensated portion of the loss. Insurer may then assert its right against the *tort-feasor*. (Citations)"

In the later case of *Insurance Co. v. Spivey,* 259 N.C. 732, 131 S.E. 2d 338, the factual situation is distinguishable on the ground the defendants' settlement with the insurer related solely and expressly to the insured's uncompensated loss of $100.00. Even so, this excerpt from the opinion of Rodman, J., is significant:

"It is said in 46 C.J.S. 179, cited with approval in *Burgess v. Trevathan, supra:* 'After the loss has been paid by the insurer, or the insurance is in the process of adjustment, a third person, having knowledge of the fact, cannot make settlement with insured for the loss, his liability being to insurer to the extent of the insurance paid; and if a third person makes such settlement it is no defense to a suit by insurer against him.'

"The right of a tort-feasor to defeat the claims of an insurer who has been subrogated to the rights of its insured was again considered in *Phillips v. Alston,* 257 N.C. 255, 125 S.E. 2d 580. We there reaffirmed the conclusion reached in *Powell v. Water Co.,* (171 N.C. 290, 88 S.E. 426), that the tort-feasor who has knowledge of insurer's rights cannot, by settling with claimant for the rights remaining in him, defeat the insurer's rights. 29A Am. Jur. 810-811."

*Phillips v. Alston, supra,* and *Insurance Co. v. Spivey, supra,* are in accord with authority in other jurisdictions.

In Vance on Insurance (Hornbook Series 3d Ed.), § 134, p. 794, it is stated: "After the insured has received payment under a policy, the tort-feasor, having knowledge of this fact, cannot defeat the insurer's right to subrogation by any settlement with the insured. If with knowledge of the previous payment by the insurer the tort-feasor does procure a release from the insured, such release will constitute no defense as against the insurer, nor will the insurer be allowed to recover the payment made to the insured. But a tort-feasor who in good faith and without any knowledge of any payment by the insurer to the insured does settle with the insured, may set up this fact as a bar to the insurer's action for subrogation." Accord: 46 C.J.S., Insurance § 1211a(2), p. 179; 29A Am. Jur., Insurance § 1733; 6 Appleman, Insurance Law and Practice § 4092, p. 584; Annotation, 92 A.L.R. 2d 102, *124.*

It should be noted that we are not presently concerned with a factual situation where the insured prosecutes an action to recover full damages to final judgment. In this connection, see *Insurance Co. v. R. R.,* 165 N.C. 136, 80 S.E. 1069, and *Ocean Acc. & Guar. Corp. v. Hooker Electro-Chemical Co.,* 240 N.Y. 37, 147 N.E. 351 (1925).

The fact that the terms of settlement are incorporated in a consent judgment in a pending action is immaterial. Such a judgment is a contract and must be so interpreted. *Insurance Co. v. Spivey, supra,* and cases cited.

The conclusion reached is that the alleged compromise settlement made by Canada Dry with Wilson and embodied in the consent judgment in the Haywood County action is not a bar to Nationwide's action. Hence, the order striking paragraphs 1-14, inclusive, of Canada Dry's second further answer and defense was proper.

Affirmed.