ST. PAUL FIRE AND MARINE INSURANCE COMPANY v.
W. P. ROSE SUPPLY COMPANY

No. 738DC525

(Filed 29 August 1973)

1. **Insurance § 75— partial payment by insurer — action against tortfeasor — splitting of claim**

   Since insured's claim against tortfeasor for damages to his motor vehicle could not be split, insured could properly maintain a suit against tortfeasor for the entire amount of damages, though his collision insurer had previously paid insured for a part of his loss.

2. **Insurance § 75— partial payment by insurer — partial recovery against tortfeasor — distribution of funds**

   When the sum recovered by the insured from the tortfeasor is less than the total loss and thus either the insured or his collision insurer must to some extent go unpaid, the loss should be borne by the insurer, for that is a risk the insured has paid it to assume; therefore, the trial court properly refused to prorate insured's partial recovery from tortfeasor but properly awarded insurer, who in no way participated in insured's action against tortfeasor, the amount insurer had previously paid insured for damages to the vehicle, less the amount of the judgment insured received against tortfeasor which remained unpaid.

APPEAL by plaintiff from *Wooten, District Judge*, 23 April 1972 Session of District Court held in WAYNE County.

Plaintiff (Insurer) seeks a declaratory judgment as to what part of certain funds now held by defendant (Insured) Insurer is entitled to recover.

Insurer, under the terms of a $500.00 deductible collision insurance policy purchased by Insured, has paid Insured $3,428.16 for part of the damages done to Insured's truck when it collided with a vehicle owned by a third party (Tort-feasor) on 4 November 1969.

On 11 September 1970 in the Superior Court of Wayne County, Insured commenced suit against Tort-feasor to recover $4,113.66 for damages to the truck and $8,374.95 for loss of use of the truck while it was being repaired, alleging that the damages were due to the negligence of Tort-feasor.

On 24 November 1970, more than one year after the accident and more than two months after Insured had started the action against Tort-feasor, Insurer wrote the attorney Insured had employed to represent it in the claim against Tort-feasor. In the letter Insurer advised that: it was a member of an inter-company arbitration committee; it would arbitrate its interest in the claim with the adverse carrier and that insured should not include Insurer's interest in Insured's lawsuit. After receipt of Insurer's letter of 24 November 1970, Insured's counsel advised Insurer by letter dated 16 December 1970, that Insured's loss exceeded the sum paid by Insurer; that the insurance carrier for Tort-feasor had not paid the loss and that "since under the law this State, a claim may not be split even under circumstances existing in this case, suit was brought by W. P. Rose Supply Company for the total damages. However, in view of your letters, I will be glad to state to the court that you have elected to proceed by arbitration and that credit must be given for whatever amount is proper on the judgment rendered in the pending suit." Insured's case against Tort-feasor was tried in May, 1972. The jury found Tort-feasor negligent and awarded Insured a verdict of $4,113.66 for damages to the truck and $1500.00 as damages for the loss of use thereof, for a total verdict of $5,613.66. Insured has collected $5000.00 on the judgment leaving $613.66 unpaid. Tort-feasor has not been released.

Insurer had knowledge of the action against Tort-feasor but did not make itself a party thereto and did not assist in any

manner in the prosecution of the action against Tort-feasor which resulted in the recovery by Insured. Insured incurred expenses of $600.00 for attorney fees and $10.00 in other expenses in prosecuting this action against Tort-feasor.

In the present action the court held that Insurer was entitled to $2,204.50 of the funds held by Insured from its recovery in the earlier action against Tort-feasor. Insurer appealed.

*C. K. Brown, Jr., for plaintiff appellant.*

*Smith & Everett by James N. Smith and James D. Womble, Jr., for defendant appellee.*

VAUGHN, Judge.

[1]  Insured's counsel took the position that the claim against the Tort-feasor could not be split and maintained suit for the total damages. His view is supported by *Insurance Co. v. Sheek,* 272 N.C. 484, 158 S.E. 2d 635. There the court said: "When the insurance pays only a part of the loss, the insured must bring the suit for the entire loss in his own name. . . . The sole right to sue in this case was in Ogburn, the insured whose property was negligently damaged." Similarly, in *Phillips v. Alston,* 257 N.C. 255, 125 S.E. 2d 580, the court said:

"When the sum paid is only partial compensation, the owner is a necessary party to an action against a *tort-feasor.* If he desires full compensation for his loss, he should bring the suit. If he refuses, insurer may sue, making the owner a party defendant."

In *Insurance Co. v. Spivey,* 259 N.C. 732, 131 S.E. 2d 338, the court approved a suit by an insured against a tort-feasor wherein the insured had limited his claim to the uncompensated part of his loss. In *Spivey* the court said, "It should be noted . . . the insured *may* recover, not that he *must* recover, the full loss. True the tort-feasor cannot be compelled against his will to defend two actions for the same wrong. His remedy, if sued by the injured party for the uncompensated portion of the loss and he wishes to settle the entire controversy in one action, is to require a determination of the entire damages to the motor vehicle. To accomplish that purpose he would be entitled to have the insurance carrier made a party." With respect to the Insured in the present case, therefore, without regard to whether it might have limited its claim against the Tort-

feasor to its uncompensated loss, it could and did properly sue for the entire loss. The Insurer would have been a proper, but not necessary party. *Burgess v. Trevathan*, 236 N.C. 157, 72 S.E. 2d 231.

[2]  Insurer urges that its right of subrogation requires that Insured's partial recovery against the Tort-feasor be prorated between Insured and Insurer in the ratio that their respective loss bears to the cash received. Insurer also argues that its share should be calculated without regard to expenses for counsel that Insured incurred in the prosecution of the suit against the Tort-feasor which resulted in the recovery of the funds in dispute.

In *Powell v. Water Co.*, 171 N.C. 290, 88 S.E. 426, the court said:

> "The great weight of authority is . . . that when the loss exceeds the insurance, as the cause of action is indivisible and the right of the insurer is not because of any interest in the property destroyed or damaged, and is enforced upon the equitable principle of subrogation, the action must be brought by and in the name of the owner of the property, and that he is entitled to recover the entire damages, without diminution on account of the insurance, *and that he holds the recovery first to make good his own loss,* and then in trust for the insurer. . . . " (Emphasis added.)

Although *Powell v. Water Co., supra,* did not involve subrogation rights under an automobile collision policy, there seems to be no reason why the owner of such a policy should not hold his recovery "first to make good his own loss." When the sum recovered by the insured from the tort-feasor is less than the total loss and thus either the insured or the insurer must to some extent go unpaid, the loss should be borne by the insurer for that is a risk the insured has paid it to assume.

The Insurer declined to bring, participate in or assist with the action against the Tort-feasor. On this record Insured's action on the claim against the Tort-feasor was brought in good faith and there is no indication that the expenses incurred, including counsel fees paid by him, were unreasonable. On these facts if the Insured is to "first make good his own loss" he must recover these expenses before the Insurer is entitled to reimbursement. The judgment of the trial court is in accord with the principles expressed in most of the cases dealing with reimburse-

ment of a subrogated Insurer by the Insured. *See* 44 Am. Jur. 2d, Insurance, § 1846, p. 773.

Affirmed.

Chief Judge BROCK and Judge HEDRICK concur.