SAMUEL COLON AND RUSSELL L. SCHELB, JR., PLAINTIFFS v. F. D. BAILEY AND WIFE, SUE BAILEY, AND ROBERT C. PRESSLEY, DEFENDANTS, GREAT AMERICAN INSURANCE COMPANY, PROPOSED INTERVENOR

No. 8428SC1307

(Filed 3 September 1985)

1. Torts § 7.1— action barred by mutual release

An agreement in which the parties divided insurance proceeds for the contents of a restaurant destroyed by fire and released and discharged each other "from all claims, suits, causes of action and charges" arising out of defendants' lease of plaintiffs' property barred plaintiffs' suit against defendants for breach of the lease and negligent maintenance of equipment as a matter of law, and parol evidence could not be introduced by plaintiffs to show that their execution of the release related only to their insurance coverage on the contents of the restaurant.

2. Rules of Civil Procedure § 24— summary judgment for defendants—denial of motion to intervene

The trial court did not err in denying an insurance company's motion to intervene where summary judgment was properly granted for defendants, since no controversy or pending legal proceeding remained in which the insurance company could intervene. G.S. 1A-1, Rule 24(a)(2).

Judge PHILLIPS dissenting.

APPEAL by plaintiffs and proposed intervenor from *Lewis (Robert D.), Judge.* Judgment entered 13 September 1984 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 20 August 1985.

Plaintiffs appeal from summary judgment for defendants F. D. Bailey and wife Sue Bailey (defendants). Proposed intervenor (Insurance Company) appeals from the denial of its motion to intervene. Defendant Pressley, prior lessee and guarantor of defendants, is not a party to this appeal.

Plaintiffs are the owners of a restaurant that was destroyed by fire on 26 January 1981. Defendants were lessees of plaintiffs' property. Insurance Company insured the building against loss by fire and United States Fidelity and Guaranty (U.S.F. & G.) insured the contents. Shortly after the fire Insurance Company paid plaintiffs sums in excess of $125,000, the full amount of plaintiffs' policy. U.S.F. & G. also paid on its policy. In settlement of their differences plaintiffs and defendants on 19 May 1981 signed an "Agreement and Mutual Release" whereby they divided the proceeds of the U.S.F. & G. policy and released and discharged each other "from all claims, suits, causes of action and charges" arising out of defendants' lease of plaintiffs' property.

Plaintiffs instituted this action on 1 December 1983 for breach of the lease agreement and negligent maintenance of equipment. On 30 May 1984, after the statute of limitations on an independent action had run, Insurance Company moved to intervene, claiming subrogation to the rights of plaintiffs to the extent it had paid on plaintiffs' policy. Defendants raised as a defense the release signed by plaintiffs. On 13 September 1984 the court entered summary judgment for defendants based upon the following finding: "The 'agreement and mutual release' executed between the plaintiffs and defendants . . . constitutes a bar to any claims the plaintiffs . . . have against the defendants. . . ." It also denied Insurance Company's motion to intervene without prejudice to its right to proceed against defendants in a separate action.

Plaintiffs and Insurance Company appeal.

*Morris, Golding and Phillips, by Thomas R. Bell, Jr., for plaintiffs and proposed intervenor, appellants.*

*Michael T. Moore for defendants, appellees.*

HEDRICK, Chief Judge.

[1]    Plaintiffs and Insurance Company contend the court erred in granting summary judgment for defendants. G.S. 1A-1, Rule 56(c) permits summary judgment if no genuine issue exists as to any material fact and a party is entitled to judgment as a matter of law. Plaintiffs and Insurance Company argue that a genuine issue of fact has been raised as to whether the agreement was executed for the purpose of releasing all claims or merely those relating to the U.S.F. & G. proceeds. They contend that this issue is raised in plaintiffs' answer to defendants' interrogatory, which states that they executed the release as "part of the settlement with U.S.F. & G. relative to their coverage on the contents of the restaurant." We hold that plaintiffs have not raised a genuine issue of material fact.

The express language of the agreement signed by plaintiffs reads in pertinent part:

     1. Lessor does hereby release and discharge Lessee from all claims, suits, causes of action and charges arising out of that lease dated September 1, 1976 above referred to and the possession of the premises by the Lessee up to and including the date hereof.

     2. Lessee does hereby release and discharge Lessor from all claims, suits, causes of action and charges arising out of that lease [dated] September 1, 1976 above referred [to] and the possession of the premises by Lessee up to and including the date hereof.

We find this language plain and unambiguous. Construction of the agreement thus is a matter of law for the court. *Robbins v. Trading Post*, 253 N.C. 474, 478, 117 S.E. 2d 438, 441-42 (1960). Where contract terms are explicit, as here, the court determines the legal effect and enforces the contract as written by the parties. *Kent Corporation v. Winston-Salem*, 272 N.C. 395, 401, 158 S.E. 2d 563, 567 (1968). Contrary to plaintiffs' and Insurance Company's argument, parol evidence as to the facts surrounding execution of the release may not be introduced to contradict or vary the written terms. *Hoots v. Calaway*, 282 N.C. 477, 486, 193 S.E. 2d 709, 715 (1973); *see* 2 Brandis on North Carolina Evidence Sec. 251 (2nd rev. ed. 1982).

Here the court correctly determined that the mutual release bars plaintiffs' suit against defendants for breach of the lease and negligent maintenance of equipment. *See Cowart v. Honeycutt*, 257 N.C. 136, 139, 125 S.E. 2d 382, 384 (1962). Since plaintiffs cannot surmount this affirmative defense, defendants are entitled to judgment as a matter of law. *See Bernick v. Jurden*, 306 N.C. 435, 440-41, 293 S.E. 2d 405, 409 (1982). Thus, summary judgment was properly granted.

[2]   Plaintiffs and Insurance Company contend that the court erred in denying Insurance Company's motion to intervene because Insurance Company met the requirements of G.S. 1A-1, Rule 24(a)(2), which permits intervention as of right. Rule 24(a)(2), however, permits one who has met its requirements "to intervene *in an action. . . .*" (Emphasis supplied.) Here, summary judgment having been properly granted for defendants, "there is no controversy in which [Insurance Company] may intervene." *Childers v. Powell*, 243 N.C. 711, 713, 92 S.E. 2d 65, 67 (1956). "Stated in another way, 'intervention' is the admission . . . of a person not an original party to the *pending legal proceeding. . . .*" *Strickland v. Hughes*, 273 N.C. 481, 485, 160 S.E. 2d 313, 316 (1968) (emphasis supplied). No proceeding is pending here.

We thus hold that summary judgment for defendants and denial of Insurance Company's motion to intervene were proper.

Affirmed.

Judge WELLS concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion the trial court erred both in denying Great American's motion to intervene and in entering summary judgment against plaintiffs, after being apprised of Great American's interest in the suit and their right to participate in it. When Great American moved to intervene the action was still pending, the order of summary judgment dismissing the action not being entered until nearly four months later, and since Great American's motion shows that it has a substantial interest in the trans-

Campbell v. Board of Education of Catawba Co.

action which is the subject of the suit, is so situated that the disposition of the action will impair its ability to protect that interest and its interest is not being adequately represented by plaintiffs, it has the absolute right to intervene under the terms of Rule 24(a)(2). Furthermore, the majority seems to be of the view that since the release bars plaintiffs from further pursuing *their* claim against defendants that that necessarily ends the matter. Such is not the law, as I understand it. When a third party tort feasor has knowledge of an insurer's interest in the claim, his settlement with the insured is no defense to a suit by the insurer. *Nationwide Mutual Insurance Co. v. Canada Dry Bottling Co.*, 268 N.C. 503, 151 S.E. 2d 14 (1966). The defendant appellees argue in their brief that when the settlement was made they had no knowledge of Great American's interest in the claim; but whether that is so is a question that remains to be adjudicated.