STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. KENNETH W. BLACKWELDER, Executor of the Estate of Clyde Willard Blackwelder

No. 9019SC1153

(Filed 6 August 1991)

**Insurance § 75.4 (NCI3d) — automobile insurance — settlement with plaintiff's insured — subrogation**

The trial court erred by granting summary judgment for defendant estate where Maureen Sargeant was injured when her car was struck by a vehicle driven by Clyde Blackwelder, who died the next day; Blackwelder's vehicle was insured by Nationwide and the Sargeant vehicle by State Farm; the Nationwide policy had liability limits of $50,000 per person; the State Farm policy had underinsured motorist limits of $50,000 per person; after Sargeant sued the Blackwelder estate, Nationwide stated to her attorney that it would tender its $50,000 liability limit at an appropriate time and asked that he forward a copy of the commitment to State Farm so it could decide whether to advance the $50,000 and preserve its subrogation rights; State Farm advanced Nationwide's $50,000 limit to Maureen Sargeant, paid its $50,000 underinsured motorist limits to Sargeant, and indicated to Nationwide and the Blackwelder estate that it would not release its subrogation rights against the estate; Nationwide paid its $50,000 liability limit to Sargeant, who released all claims against Nationwide and dismissed her action against the estate with prejudice; Nationwide's $50,000 check in payment of the advancement earlier made was turned over to State Farm; State Farm filed this action to recover the underinsured motorist payment from the estate; and the court dismissed the action by summary judgment. A tortfeasor may not defeat an insurance carrier's subrogation rights when he has knowledge of the subrogated claim and thereafter secures a consent judgment or release from the injured or damaged party. N.C.G.S § 20-279.21(b)(4).

**Am Jur 2d, Automobile Insurance §§ 332, 439, 445.**

APPEAL by plaintiff from judgment entered 21 August 1990 by *Judge James C. Davis* in CABARRUS County Superior Court. Heard in the Court of Appeals 15 May 1991.

STATE FARM MUTUAL AUTO. INS. CO. v. BLACKWELDER

[103 N.C. App. 656 (1991)]

On 21 March 1988 Maureen Sargeant was seriously injured when her car, in which she was a passenger, on its proper side of the road was struck head-on by a vehicle operated by Clyde Willard Blackwelder, who died the next day as a result of the collision. Blackwelder's vehicle was insured by Nationwide Mutual Insurance Company with liability limits of $50,000 per person. State Farm Mutual Automobile Insurance Company insured the Sargeant vehicle and its policy had underinsured motorist coverage with limits of $50,000 per person. On 28 March 1989, after Maureen Sargeant sued the Blackwelder estate, Nationwide, recognizing that Sargeant's damages would exceed its coverage, stated to her attorney by letter that it would tender its $50,000 liability limits at some appropriate time and asked that he forward a copy of the commitment to State Farm so it could decide whether to advance Nationwide's $50,000 to Ms. Sargeant and preserve its subrogation rights. On 24 April 1989 State Farm advanced Nationwide's $50,000 limits to Maureen Sargeant and on 6 November 1989 it paid its $50,000 underinsured motorist limits to her and thereafter indicated to Nationwide and the Blackwelder estate that it would not release its subrogation rights against the estate. On 30 January 1990 Nationwide paid its $50,000 liability limits to Maureen Sargeant, who released all claims that she had against it and also dismissed her action against the Blackwelder estate with prejudice. Nationwide's $50,000 check in payment of the advancement earlier made was turned over to State Farm. On 19 March 1990 State Farm filed this action to recover the payment from the decedent tortfeasor's estate. Based upon the foregoing facts the court dismissed the action by summary judgment.

*Hutchins, Tyndall, Doughton & Moore, by Kent L. Hamrick, for plaintiff appellant.*

*Hartsell, Hartsell & Mills, P.A., by W. Erwin Spainhour, for defendant appellee.*

PHILLIPS, Judge.

By paying its underinsured motorist insurance limits to Maureen Sargeant for damages negligently caused by the decedent tortfeasor, Clyde W. Blackwelder, State Farm became subrogated to her rights against the Blackwelder estate. *Dowdy v. Southern Railway Co., Inc.*, 237 N.C. 519, 75 S.E.2d 639 (1953). In dismissing plaintiff's subrogation action against the estate the court was ap-

parently of the opinion that the action was barred by the prior dismissal of Maureen Sargeant's action against the Blackwelder estate, since State Farm, as her subrogee, in effect stood in her shoes. The judgment is erroneous and we reverse.

G.S. 20-279.21(b)(4) provides in pertinent part that:

> An underinsured motorist insurer may at its option, upon a claim pursuant to underinsured motorist coverage, pay moneys without there having first been an exhaustion of the liability policy covering the ownership, use, and maintenance of the underinsured highway vehicle. In the event of such payment, the underinsured motorist insurer shall be either: (a) entitled to receive by assignment from the claimant any right or (b) subrogated to the claimant's right regarding any claim the claimant has or had against the owner, operator, or maintainer of the underinsured highway vehicle . . . No insurer shall exercise any right of subrogation . . . where the insurer has been provided with written notice in advance of a settlement between its insured and the underinsured motorist and the insurer fails to advance a payment to the insured in an amount equal to the tentative settlement within 30 days following receipt of such notice. Further, the insurer shall have the right, at its election, to pursue its claim by assignment or subrogation in the name of the claimant, and the insurer shall not be denominated as a party in its own name except upon its own election.

A tort-feasor may not defeat an insurance carrier's subrogation rights when he has knowledge of the subrogated claim and thereafter secures a consent judgment or release from the injured or damaged party. *Nationwide Mutual Insurance Company v. Spivey*, 259 N.C. 732, 131 S.E.2d 338 (1963); *Phillips v. Alston*, 257 N.C. 255, 125 S.E.2d 580 (1962). In *Nationwide Mutual Insurance Company v. Canada Dry Bottling Company*, 268 N.C. 503, 508, 151 S.E.2d 14, 17 (1966) (citations omitted), it was stated:

> After the insured has received payment under a policy, the tort-feasor, having knowledge of this fact, cannot defeat the insurer's right to subrogation by any settlement with the insured. If with knowledge of the previous payment by the insurer the tort-feasor does procure a release from the insured, such release will constitute no defense as against the insurer,

IN RE DELK

[103 N.C. App. 659 (1991)]

nor will the insurer be allowed to recover the payment made to the insured.

*See also* 7 Strong's N.C. Index 3d *Insurance* Sec. 75.2; 44 Am. Jur. 2d *Insurance* Secs. 1810, 1811 (1982); Annotation, *Rights and remedies of property insurer as against third-person tortfeasor who has settled with insured,* 92 A.L.R.2d 102 (1963); 46 C.J.S. *Insurance* Sec. 1209 (1946).

Reversed.

Judges ARNOLD and WELLS concur.