COMPUTER SALES INTERNATIONAL, INC., PLAINTIFF-APPELLANT v. FORSYTH MEMORIAL HOSPITAL, INC., DEFENDANT-APPELLEE

No. 9221SC1024

(Filed 16 November 1993)

**Taxation § 25.4 (NCI3d)— property taxes—date of valuation— valuation and assessment same—liability for taxes under lease agreement**

Where the parties entered into a computer lease agreement in January 1990 in which defendant agreed to pay taxes "imposed, assessed or payable" during the term of the lease, and the parties entered into an early termination agreement in June 1991 by which defendant specifically agreed that its obligations under the lease would continue until performed in full, defendant was required to pay property taxes for 1991, since N.C.G.S. § 105-285(b) makes it clear that the value of property is determined as of January 1; the act of valuing property is defined as an assessment; applicable taxes were necessarily assessed as of January 1; and it was immaterial that the tax rate and the actual amount of tax were determined after the date the lease was terminated.

**Am Jur 2d, State and Local Taxation § 837.**

Appeal by plaintiff from judgment entered 24 August 1992 by Judge Peter M. McHugh in Forsyth County Superior Court. Heard in the Court of Appeals 28 September 1993.

*Law Offices of Mark C. Kirby, by Howard S. Kohn, for plaintiff.*

*Wilson & Iseman, by G. Gray Wilson and Elizabeth Horton, for defendant.*

LEWIS, Judge.

By this appeal we are asked to interpret the provisions of a computer lease agreement between Computer Sales International, Inc. ("CSI") and Forsyth Memorial Hospital, Inc. ("Forsyth"). The relevant facts are not in dispute. On 17 January 1990, Forsyth leased various items of computer equipment from CSI. The relevant portion of the lease provided:

6.1 PAYMENT OF TAXES: Lessee covenants and agrees to pay to the appropriate taxing authority, and discharge before the same become delinquent, all taxes, fees or other charges of any nature whatsoever (together with any related interest or penalties) now or hereafter imposed, assessed or payable ("Impositions") during the term of this Master Lease against Lessor, Lessee or the Equipment by any federal, state, county or local government or taxing authority upon or with respect to [i] the Equipment or any Unit, [ii] upon the leasing, ordering, purchase, sale, ownership, use, operation, return or other disposition thereof, [iii] the Monthly Rental or any other sums due hereunder with respect to any Equipment Schedule, or [iv] the leasing of the Equipment [excepting only federal, state and local taxes measured by the net income of Lessor or any franchise tax upon Lessor measured by Lessor's capital, capital stock or net worth].

Thereafter, in October 1990, CSI wrote to Forsyth regarding the listing of the lease equipment for ad valorem tax purposes. CSI gave Forsyth the option of paying the tax itself or having CSI pay the tax and then reimbursing CSI. Forsyth elected the latter option.

On 26 June 1991 the parties entered into an Early Termination Agreement by which Forsyth specifically agreed that its obligations under the lease would continue until performed in full. After the lease was terminated Forsyth County mailed its tax bills for 1991. CSI paid the $23,211.65 in property taxes and sent a letter to Forsyth demanding repayment. When Forsyth refused to pay, CSI instituted the present action.

This matter came on for hearing on plaintiff's motion for summary judgment on 13 July 1992. Judge McHugh denied plaintiff's motion and granted summary judgment in favor of defendant. Plaintiff now appeals.

As in all cases of contract interpretation, it is the duty of this Court to ascertain the intention of the parties at the time the contract was executed. In most cases when the intention of the parties is ambiguous the question of what the parties intended is best left for the jury. *Cleland v. Children's Home, Inc.*, 64 N.C. App. 153, 306 S.E.2d 587 (1983). However, in cases where the language used is clear and unambiguous, construction is a matter of law for the court. *Chavis v. Southern Life Ins. Co.*, 76 N.C. App. 481,

COMPUTER SALES INTERNATIONAL v. FORSYTH MEMORIAL HOSPITAL

[112 N.C. App. 633 (1993)]

333 S.E.2d 559 (1985), *aff'd*, 318 N.C. 259, 347 S.E.2d 425 (1986). In those cases, the court's only duty is to determine the legal effect of the language used and to enforce the agreement as written. *Colon v. Bailey*, 76 N.C. App. 491, 333 S.E.2d 505 (1985), *reversed on other grounds*, 316 N.C. 190, 340 S.E.2d 478 (1986). It is also well established that the interpretation of a contract is governed by the law of the place where the contract was made. *Tanglewood Land Co. v. Byrd*, 299 N.C. 260, 261 S.E.2d 655 (1980).

We must interpret the language "assessed, imposed or payable" as those terms are used in CSI's lease with Forsyth. The interpretation of these terms is crucial to a resolution of this matter because North Carolina law requires that the value, ownership and place of taxation of personal property be determined as of January 1. N.C.G.S. § 105-285(b) (1992). CSI claims that the taxes were actually imposed and assessed as of January 1 and that it does not matter that Forsyth terminated the lease prior to the date Forsyth County fixed its tax rate and mailed the property tax bills. We agree.

Both parties agree that the taxes were not yet payable because affidavits presented by Forsyth revealed that the tax bills for 1991 had not been sent out when the lease was terminated. Thus, the only question is whether the tax was either imposed or assessed by the time Forsyth terminated the lease.

As stated previously, the law of the place where the contract is made governs its interpretation. In North Carolina the applicable law on personal property taxes is contained in the Machinery Act. N.C.G.S. §§ 105-271 to 105-395.1. No where in the Machinery Act is the term "imposed" defined. However, the term "assessment" is defined by the Machinery Act and we find that this term is sufficiently similar to the verb "assessed" to allow us to resolve this matter. N.C.G.S. § 105-273(3) (1992) defines an assessment as the tax value of property and the process by which the assessment is determined. Similarly, N.C.G.S. § 105-273(18) defines valuation as an appraisal or an assessment. Therefore, since N.C.G.S. § 105-285(b) makes it clear that the value of property is determined as of January 1, and since the act of valuing property is defined as an assessment, we find that the applicable taxes were necessarily assessed as of January 1. It is immaterial that the tax rate and the actual amount of tax were determined after the date the lease was terminated.

Accordingly, the order of the trial court is reversed and remanded for entry of a judgment in favor of CSI.

Reversed and Remanded.

Judges WELLS and MARTIN concur.